STATE, THE CHURCH OF THE REDEEMER, PROSECUTOR, v. CHARLES F. AXTELL, COLLECTOR OF MORRIS TOWN-SHIP, IN THE COUNTY OF MORRIS.

A parsonage erected by a religious society on their church lot, is liable to taxation as real estate.

On *certiorari*.

The prosecutors are assessed for taxes in the township of Morris, for state, county, and township purposes, in the year 1877, upon a "house and lot," at a valuation of $3000. The only real estate owned by them in Morristown is a lot at the

corner of Pine and Morris streets, containing, within the fences, about forty-two hundredths of an acre, upon which stand the church edifice and parsonage, both plain frame structures, closely adjoining, but not touching each other, with no division, either by way of fence or hedge, between them, and occupying together considerably more than one-half of the lot.

The church, which is in the form of a cross, with the foot fronting the angle of intersection of the two streets, has three entrances, one at the front and one at each extremity of the transept; one of the latter being reached through the same gate and pathway which constitute the main entrance to the parsonage. The church was erected about twenty-five years ago. The parsonage was erected some seven years ago, and has always been used as a residence for the rector and his family, who pay no rent therefor. There is no vegetable garden upon the premises, nor is the unoccupied space proper for one, being interspersed with shade trees. Morris street is the thoroughfare leading from the railroad station to the public square, and is lined on each side by residences, none of which in that vicinity have less, and many of which have much more, unoccupied ground within their enclosures than there is on the church property. The residences on the same side of the street with the church are of the humbler sort; those upon the opposite side are of a much better class, and comprise several acres each.

Pine street, somewhat less than one-quarter of a mile in length, extending to the main street of the village, has no dwelling-houses upon it, but is of an entirely rural character, most of the land on each side being meadow and pasture, used as such. The church is a very simple edifice, having but one room, the auditorium, and a very small robing or retiring-room.

The rector's library and study are in the parsonage, and here he prepares for his work, receives the visits of such of his parishioners as call upon him for advice and counsel, and conducts classes preparing for confirmation. The regular

meetings of the vestry of the church, of the ladies' sewing societies, and other missionary and benevolent meetings of the members of the congregation, in fact all meetings excepting those for public worship, are held in the parsonage, the church building not being adapted or having any proper accommodations therefor.  No meetings for public worship are held in the parsonage.

No tax was ever levied upon the prosecutors prior to the present one.

The diagram of the church property made by the prosecutors is to be taken and considered as part of the case, but not to be printed with it.

Argued at November Term, 1878, before Justices VAN SYCKEL, DIXON and KNAPP.

For the plaintiff, *Alfred Mills*.

For the defendant, *H. C. Pitney*.

The opinion of the court was delivered by

VAN SYCKEL, J.    The plaintiff claims that the parsonage is exempt from taxation by *pl.* 64 of the tax law, (*Rev., p.* 1151,) because it is a building erected for religious purposes.  It has been settled by two decisions in this court, that a parsonage and lot standing unconnected with a church edifice, are subject to taxation.  *State, Ref. Dutch Ch., pros.,* v. *Lyon,* 3 *Vroom* 360 ; *State, Nevin, pros.,* v. *Krollman,* 9 *Vroom* 323, 574.

The legislature having repealed the act of 1863, which expressly exempted a parsonage, manifestly did not intend to include it in the descriptive words " buildings erected and used for religious purposes."

It is not apparent how a mere change in the location of the building can relieve it from liability to assessment.  It is a parsonage, used as a residence of the pastor, while he retains his connection with the church.

Proximity to the church cannot change its character.  The

object of its erection, and the uses to which it is devoted, remain the same, whether it is built upon the church lot or on a lot unconnected with it. The primary and chief purpose of the structure was for a dwelling for the pastor. There is nothing to show that the use made of it was exceptional or different from that made of any other parsonage owned by a religious society. The appropriation of the land to a use distinct from that of religious worship, shows conclusively that the land is not necessary for the fair use and enjoyment of the church. While in the discretion of the church corporation, the lot is devoted to no other uses than that of a convenient appendage to the church proper, even though the need for it be slight, the exemption of the church structure may be extended over the lot, but when the land is turned to a different use, the exemption ceases. The rule is, that exemptions are strictly construed, the resolution, in cases of doubt, being in favor of the rule which subjects all property to its just share of the public burdens.

· The assessment should be affirmed.