THE STATE, JOHN B. VANDERBECK, PROSECUTOR, v. THE TOWNSHIP COIMMTTEE OF RIDGEWOOD, IN THE COUNTY OF BERGEN

The word ordinance in the act of 1882 (*Pamph. L.*, p. 241) means something more than a verbal motion subsequently reduced to writing by the clerk of the town committee. The statute requires the committee to put in writing, in the form of an ordinance, what grade is intended to be established, before its adoption.

On *certiorari.*

Argued at February Term, 1888, before Justices VAN SYCKEL, KNAPP and DIXON.

For the plaintiff, *James S. Rogers.*

For the defendants, *Preston Stevenson.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The writ in this case is sued out for the purpose of setting aside the proceedings of the township committee of Ridgewood township, in relation to the grading of Prospect street.   The proceedings were taken under the act of 1882 (*Pamph. L.*, p. 241).   The first section of the act authorizes the inhabitants of the township to vote by ballot whether a grade shall be established.   The second section provides that in case the majority vote shall be for grading, it shall be the duty of the township committee to establish such grade by ordinance, which ordinance shall be entered in full in the township book to be kept for that purpose by the township.

As appears by the return to this *certiorari,* the only proceeding taken by the committee by which a grade was established, is the following:

"RIDGEWOOD, November 23d, 1883.

"Present—King and Terhune.

"It was on motion that the grade on Prospect street be now established as laid down on map made by William Williams, of Hackensack, the said map to be filed with the Town Committee—which was carried.

"PETER O. TERHUNE,

"A. H. WALTON,                         Chairman *pro tem.*
  "Clerk.

The relator insists that this is not a compliance with the act of 1882, which requires the grade to be established by ordinance.

The action of the committee is to be expressed in an ordinance, which ordinance shall be entered in the township book to be kept for that purpose by the town clerk.

The word "ordinance," under our decisions, means something more than a verbal motion, subsequently reduced to writing by a clerk or secretary of the local board.

The legislature intended to prescribe a certain formality which would perpetuate the action of the committee and leave no doubt as to its true character whenever it was called in question. The statute required the committee to put in writing, in the form of an ordinance, what grade they intended to establish, before its adoption.

Maps may be annexed to and filed with the ordinance in order to make it intelligible.

The essential formality does not appear to have been observed in this case.

The proceedings are also faulty, in that no notice was given of the intention to pass the ordinance to establish the grade.

The relator is a land-owner on the line of the established grade, and was entitled to notice.

The proceedings certified should be set aside, but without costs, on account of the delay in suing out the writ.