FRANK B. CONOVER ET AL. v. THE LONG BRANCH COMMISSION ET AL.

Argued June 11, 1900—Decided September 14, 1900.

In A. D. 1899, the Long Branch Commission had no power by virtue either of its special act (*Pamph. L.* 1875, *p.* 477) or of any general statute to grant by resolution an exclusive franchise for twenty years for the collection and cremation of garbage.

On *certiorari.*

Before Justices Dixon and Collins.

For the prosecutors, *Charles L. Corbin.*

For the defendant, *Thomas P. Fay.*

The opinion of the court was delivered by

Collins, J.  The board of commissioners of Long Branch, in A. D. 1899, attempted, by resolution, to grant to certain individuals an exclusive franchise, for twenty years, for the collection and cremation of garbage, &c., and to award a contract accordingly, on certain remuneration to the municipality and at prescribed rates of service to citizens; the contractors to establish a crematory in a satisfactory location. By a later resolution the site for the crematory was fixed by the board and accepted by the contractors.

The present writ of *certiorari,* allowed in December, 1899, removes all these proceedings.  The prosecutors are taxpayers owning property in the neighborhood of the proposed crematory.  They clearly have a standing for their writ.  This, indeed, is not questioned, but it is argued that they are in laches because, before they moved in the premises, about $1,000 had been expended towards the erection of the crematory.  If the attack was simply upon a resolution giving municipal consent to such erection under the restrictive act of 1895 (*Gen. Stat., p.* 2257, *pl.* 644), this objection would have force, but tied to the franchise and contract, as is the selection of site, it must stand or fall with them.  If they are *ultra vires* they cannot be saved by any laches of the prosecutors.  That they are without legal authority is unquestionable.  Nothing in the subsisting organic law under which the Long Branch commission exists (*Pamph. L.* 1875, *p.* 477), or in any general statute, warrants an exclusive franchise of the character sought to be conferred.  Without legislative authority a municipal corporation cannot create a monopoly. *Dill. Mun. Corp.,* §§ 296, 547-550.

Besides this fundamental defect, there is one of procedure equally fatal. The only power of the commission over the subject of the challenged municipal action is the inferential one conferred by sections 33, 34 and 35 of the act of 1875, above cited. That power, it is enacted, shall be exercised by ordinance. Where an ordinance is prescribed by a municipal charter a mere resolution is ineffectual. *Paterson* v. *Barnet,* 17 *Vroom* 62, and cases cited.

An act has been passed *pendente lite* (*Pamph. L.* 1900, p. 398) that may have a bearing on future action of this character of that now involved, but being clearly only prospective in operation, need not now be considered.

The proceedings certified will be set aside, with costs.