THE CONGREGATION OF THE MISSION OF SAINT VIN-
CENT DE PAUL, IN BORDENTOWN, PROSECUTOR, v.
PHILIP F. H. BRAKELEY, COLLECTOR OF THE CITY
AND TOWNSHIP OF BORDENTOWN.

Submitted June 5, 1901—Decided November 11, 1901.

The whole of a tract of land whereon a building is erected which is
used exclusively for charitable purposes, is not exempted from
taxation, unless it is, all of it, necessary for the fair enjoyment of
the building.

On *certiorari.*

Before Justices GUMMERE and HENDRICKSON.

For the prosecutor, *Peter Backes.*

For the defendant, *Samuel W. Beldon* and *Isaac E.
Antrim.*

The opinion of the court was delivered by

GUMMERE, J.  This writ brings before the court an assess-
ment for taxes laid upon the property of the prosecutor in
the year 1900.  The ground upon which the taxes are sought
to be set aside is that the property upon which they were
laid was, at the time of their assessment, used exclusively
for charitable purposes, and was therefore non-taxable, under
section 200 of our General Tax law, which exempts from taxa-
tion "all buildings used exclusively for charitable purposes,
with the lands whereon the same are erected, and which may
be necessary for the fair enjoyment thereof."

During the year 1899 the title to the lands in question
was in the "Congregation of the Mission of Saint Vincent
de Paul in Germantown," a corporation of the State of
Pennsylvania, the primary objects of which are "to establish
missions and maintain a missionary priesthood, to conduct
ecclesiastical seminaries for the education of young men for

the Catholic priesthood, and to conduct colleges and other educational institutes wherein its membership is educated for said priesthood." The young men educated in this society give their entire allegiance to it, and, as recompense for so doing, are educated by it without remuneration. The different institutions conducted by the society are carried on for the purposes mentioned, without any pecuniary profit to it. The lands on which the taxes were laid are known as the "Bonaparte Park" property, and consist of a mansion-house and other buildings, together with about two hundred and thirty-one acres of land, sixty acres of which are arable, the rest being lawn, meadow and woodland. The mansion-house was used by members of the society, and by the ecclesiastical students belonging to it who are pursuing their studies under its direction, as a summer home of recreation. It is occupied by these students, and by the members of the priesthood of the society, when not engaged in their studies and missionary labors, during the summer months; two chapels for the use of students and others are maintained in this building.

Under the authority of the case of *Litz* v. *Johnston,* 36 *Vroom* 169, the congregation of the mission of Saint Vincent de Paul of Germantown is a charitable association, and the use to which the mansion-house in Bonaparte Park was devoted was an exclusively charitable one. That being so, this building, with the land whereon it is erected, and which is necessary for its fair enjoyment, was exempt from taxation at the time the tax brought up by the writ was assessed.

The Bonaparte Park property was conveyed to the prosecutor by the Pennsylvania corporation on September 1st, 1900. By that conveyance it became clothed with all the rights which its grantor had in the property, and is entitled to have the taxes now under review set aside, so far as they are illegal, providing that right existed in the Germantown society. That it did so exist, notwithstanding that the latter society was a foreign corporation, is decided by the case of *Litz* v. *Johnston, supra.*

We do not think, however, that the whole of the property upon which these taxes have been assessed, is exempt from

taxation under the statutory provision referred to. By the very words of the act, only so much of the land whereon the building which is used for charitable purposes is erected, and which may be necessary for the fair enjoyment of such building, is exempt. There is nothing in the testimony to warrant the inference that all of this land is necessary for the purpose mentioned in the act. The only proof upon this point is that the whole tract of two hundred and thirty-one acres was used in connection with the mansion-house, so far as it was used at all, but that fact alone does not justify the conclusion that it was necessary for the "fair enjoyment" of the building. Exemptions from taxation are always strictly construed; nothing is presumed in derogation of the state's right to tax, and a person who claims immunity for his property must show affirmatively that it comes within the statutory provision.

We conclude, therefore, that only the mansion-house and some undetermined portion of the lands held in connection with it were exempt from taxation. This conclusion renders an apportionment of the tax necessary, and, as the proofs now stand, we have not before us the facts required for making it. The case will therefore be held in order that the parties may supply the deficiency either by taking further testimony, or by agreeing upon the quantity of land necessary for the fair enjoyment of the mansion-house.