## J. O. McDowell

*v.*

### The People *ex rel.* Curtis H. Martin, County Treasurer.

*Opinion filed October 26, 1903.*

1. SPECIAL TAXATION—*when special tax for sidewalk is invalid.* A special tax for the construction of a sidewalk is invalid where the grade for such walk is not established by express terms or by reference to another ordinance fixing the same.

2. SAME—*grade cannot be fixed by resolution.* The only manner in which grades of streets can be established is by ordinance, a resolution for that purpose being insufficient.

3. SAME—*when ordinance is indefinite as to grade.* A sidewalk ordinance is indefinite with respect to grade which provides for an excavation of four inches below the established grade of the street, "except where it would be better and more practicable, on account of proper drainage, to excavate less or grade up at low places."

APPEAL from the County Court of Lawrence county; the Hon. J. D. MADDING, Judge, presiding.

W. F. FOSTER, for appellant.

GEE & BARNES, and S. C. LEWIS, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the county court of Lawrence county against a tract of land situated in the city of Sumner, belonging to appellant, for a special tax levied thereon for the purpose of building sidewalks.

The case was tried partly on an agreed state of facts and partly on documentary evidence. Several objections were filed to the payment of the tax, but inasmuch as the sixth objection filed in the county court by appellant, being that there was no grade established by any ordinance of the city for the construction of said sidewalks, is vital to the whole proceeding, under our view of the law it will only be necessary to discuss this one objection.

There were two separate ordinances passed November 13, 1901, being ordinances No. 79 and No. 80, for the building of two separate sidewalks, each ordinance providing that the entire cost of the sidewalk and all expenses should be paid by special taxation of the lot or parcels of land along the line of the sidewalk, according to their frontage thereon, and were passed under the provisions of an act entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages," approved April 15, 1875, in force July 1, 1875. (Hurd's Stat. 1899, p. 319.) The essential features of both ordinances were the same, each describing the kind of material and the manner in which the same was to be used. Ordinance No. 80 located a walk on the east side of Christy avenue and ordinance No. 79 located a walk on the north side of Cedar street, both being in the city of Sumner, and one running along the side and the other along the front of appellant's property. Section 2 of each ordinance provided that "the building, laying and constructing of said stone sidewalk aforesaid shall be done according to the following plans and specifications: There shall be made an excavation of the earth four inches below the established grade," etc. Ordinance No. 80 then proceeds as follows: "Of that portion of said Christy avenue where said sidewalk shall be built, and five feet wide, unless said excavations have previously been made," etc. Ordinance No. 79 proceeds: "Of that portion of Cedar street, and three feet wide, except where it would be better and more practicable, on account of

proper drainage, to excavate less or grade up at low places along the line of said sidewalk aforesaid," etc. The above is all that is said in either ordinance in reference to the grades. There is not even a reference to a general ordinance establishing a grade for the city, and no evidence introduced as to the establishment of a grade except the introduction of a resolution in evidence establishing the grades of the city, as follows:

"Whereas, the city of Sumner, Illinois, did on the third day of November, 1898, contract with Edwyn E. Watts, civil engineer, for making the necessary surveys and furnishing the data necessary to establish the grades of the streets and alleys of the said city; and whereas, the said Watts has this day filed in the office of the clerk of said city a map, endorsed thereon as follows: 'City of Sumner, Illinois.—Grade map, by E. E. Watts, C. E.,' and the following: 'Explanation—Continuous curb grades of the streets and alleys are indicated hereon in red. Elevations are shown at street intersections and all other points in the line of the street or alley where the ratio of grade changes. One elevation at an intersection or intermediate point indicates the same grade for all curbs at that point, otherwise separate elevations are indicated. All grades conform to the grades of intersecting streets. Distances to intermediate change points are shown, excepting where change occurs in the middle of the block no distance is shown,' and a record of permanent bench marks noted thereon:

"*Now, be it resolved by the common council of the city of Sumner, Illinois*, That said elevations of said streets and alleys and of the permanent 'bench marks,' as indicated upon said map, be and the same are hereby declared to be the established grades of said respective streets and alleys, and that from and after the passage of this resolution shall be deemed and considered the established grade of the streets and alleys of the city of Sumner, Illinois.

"*And be it further resolved*, That the clerk of said city be hereby ordered and directed to spread a copy of said map upon the minutes of this session of said council."

We have repeatedly held that grades cannot be established by resolution, and that the only manner in which grades of streets can be established for the building of sidewalks or the paving or making of any perma-

nent improvement of a street is by ordinance. In the case of *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 174 Ill. 439, we said (p. 444): "The proof in the case showed that the order of March 23, 1896, was not styled in accordance with section 2 of article 5 of part 1 of the City and Village act. Section 2 requires that the style of the ordinance in cities shall be, 'Be it ordained by the city council of..........' The proof also shows that the order of March 23, 1896, was not passed by a majority of the members of the city council, as required by section 13 of article 3 of part 1 of the City and Village act; also, that the yeas and nays were not taken upon its passage, as required by said section 13; also, that the yeas and nays were not duly entered upon the journal of the proceedings of the city council, as required by said section 13; also, that the same was not presented to the mayor for his approval, as required by section 18 of said article 3. (*Barr* v. *Village of Auburn,* 89 Ill. 361; *Hackman* v. *Village of Staunton,* 42 Ill. App. 409; *Schofield* v. *Village of Hudson,* 56 id. 191). It is thus clearly shown that the order in question lacked the requirements which the statute makes necessary in order to constitute a valid ordinance. The order in question was nothing more than a mere resolution, and in no sense an ordinance. * * * A resolution or order is not a law, but merely the form in which the legislative body expresses an opinion. An ordinance prescribes a permanent rule of conduct or government, while a resolution is of a special and temporary character. Acts of legislation by a municipal corporation which are to have continuing force and effect must be embodied in ordinances, while mere ministerial acts may be in the form of resolutions. * * * As an ordinance is required to establish a fixed rule for the conduct of the affairs of the city, it would seem that the grade of a street should be established by an ordinance, and such is the general practice in this and other States.". *City of Bloomington* v. *Pollock,* 141 Ill. 346; *City of*

*Carlinville* v. *McClure*, 156 id. 492; *Washington Ice Co.* v. *City of Chicago*, 147 id. 327; *Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 172 id. 66; *State* v. *City of Bayonne*, 35 N. J. L. 335; 1 Dillon on Mun. Corp. (4th ed.) sec. 307, and note; Horr & Bemis on Mun. Police Ordinances, sec. 226; *Nazworthy* v. *City of Sullivan*, 55 Ill. App. 48; *Village of Crotty* v. *People*, 3 id. 465; *Craig* v. *People*, 193 Ill. 199.

Ordinance 79, as will be seen, having only the above resolution to support it, in reference to the grade further says: "Except where it would be better and more practicable, on account of proper drainage, to excavate less or grade up at low places along the line of said sidewalk aforesaid." Even if it could be said that the grades of the city were established as shown by the resolution and map on file in the city clerk's office, it could not be held that this ordinance was sufficiently certain to inform a person as to the grade for the building of a walk. Under the statute the property owner has the right, within thirty days after the publication of the ordinance, to construct the sidewalk in front of his property in accordance with the specifications of the ordinance authorizing it. He has the right to know the grade on which the sidewalk is to be built, otherwise he cannot properly construct the same. The ordinance should fix the grade at which the sidewalk is to be built in express terms, or a reference should be made therein to some ordinance of the city fixing such grade, or it should state therein that the sidewalk should be laid according to the established grade of the sidewalks of the city, or in some other way define the grade so that the property owner may know definitely the grade at which the sidewalk is to be laid, otherwise it would be impossible for the property owner to avail himself of the right conferred upon him by the statute to construct sidewalks in front of his own property, or for the officer designated in the ordinance to supervise and approve the construction thereof. *Biggins' Estate* v. *People*, 193 Ill. 601.

It is a well established rule that where an ordinance providing for an improvement, the expense of which is to be defrayed by special taxation, requires said improvement to conform to a certain grade, the tax for such improvement will not be legal if the ordinance does not establish such grade or make proper reference to an ordinance from which such grade may be ascertained. *Craig* v. *People, supra.*

In order to sustain the judgment rendered by the county court in this case, it was incumbent upon appellee to show that the grade of the sidewalks in question was established by ordinance with sufficient certainty to advise appellant in regard thereto, so he might, if he chose, construct the improvement himself. The ordinance providing for the improvement in question being insufficient for the purpose stated, the judgment against appellant's property for the tax in question must be held to be erroneous, and must be reversed.

The judgment of the county court of Lawrence county is reversed and the cause remanded.

*Reversed and remanded.*