STATE, EX REL. DAVIS ET AL., *v.* BOARD OF COMMIS-SIONERS OF THE COUNTY OF NEWTON ET AL.

[No. 20,652.    Filed June 30, 1905.]

1. PLEADING. — *Complaint.* — *Injunction.* — *County Council.* — A complaint against the board of commissioners and county council for an injunction, wherein no relief is sought against such council, is bad as to such council.    p. 264.

2. SAME.—*Answer.*—*Harmless Error.*—Overruling a demurrer to a paragraph of answer is a harmless error, where the facts show that the plaintiff is entitled to a decree upon the merits. p. 265.

3. COUNTIES.—*Board of Commissioners.*—*Contracts.*—*Statutes.*—The board of commissioners are inhibited by statute (§5594e1 Burns 1901, Acts 1899, p. 343, §25) from attempting to make any contract on behalf of the county for the payment of money out of the treasury unless such money has been appropriated for such purpose by the county council.    p. 269.

4. SAME.—*County Council.*—*Bonds.*—*Statutes.*—*Mandatory.*—By statute (§5594l1 Burns 1901, Acts 1899, p. 343, §32), the county council can not authorize county bonds to be issued by motion, order or resolution, but must do so by an ordinance, such statute being mandatory.    p. 269.

5. WORDS AND PHRASES.—*"Ordinance."*—*Counties.*—*Statutes.*—The word "ordinance," as used in §5594l1 Burns 1901, Acts 1899, p. 343, §32, means an instrument in writing.    p. 270.

6. COUNTIES.—*Council.*—*Injunction.*—Where a county council, by a motion and an order, attempted to appropriate money for the building of a court-house, and the board of commissioners, by virtue thereof, attempted to let a contract for the construction of such court-house, injunction lies at the instance of any tax-payer to restrain the further prosecution of such work.    p. 271.

7. INJUNCTION. — *Void Contracts.* — *Laches.* — Where taxpayers bring a suit for injunction against the carrying out of a void contract in time to prevent any harm to innocent parties and they prosecute such action with diligence, they are not guilty of laches.    p. 271.

8. APPEAL AND ERROR.—*Equity Cases.—Weighing Evidence.—Statutes.*—Where a cause was of exclusively equitable jurisdiction prior to June 18, 1852, and the evidence is documentary, the Supreme Court is authorized by its inherent power and also by §8 of the act of 1903 (Acts 1903, p. 338), to render final judgment therein. p. 271.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Suit by the State of Indiana, on the relation of Benjamin F. Davis and others, against the Board of Commissioners of the County of Newton and others. From a decree for defendants, plaintiff appeals. *Affirmed in part, reversed in part.*

*Herman C. Rogers, E. E. Pierson* and *Merrill Moores,* for appellant.

*William Cummings, E. B. Sellers* and *A. C. Harris,* for appellees.

MONTGOMERY, J.—This suit was brought by appellant against appellees to enjoin the letting of a contract for the construction of a court-house. The allegations of the complaint were substantially as follows: That the relators are legal voters and taxpayers of Newton county, and that on the 7th day of March, 1904, the Newton County Council met in special session at Kentland, the county seat, for the purpose of passing on a requisition filed by the board of commissioners of said county, asking said council to authorize the issuance and sale of the bonds of said county, the proceeds to be used in erecting a court-house at the county seat, and that due notice of the time, place and purpose of said meeting was given; that no appropriation for the building of a court-house was made at said meeting; that said county council met in regular session on the 6th and 7th days of September, 1904, and that appropriations were made on estimates submitted for various purposes, set out in detail, but no estimate was submitted, and no allowance was made at said meeting for the building of a court-house; that on the 17th day of December, 1904, said Newton County Council duly met for the purpose of appropriating

money and authorizing the issuance of bonds in the sum of $25,000 for the building of a new court-house at Kentland, and that at said special meeting said county council did appropriate said sum for such purpose, but said appropriation was wholly illegal, contrary to law and void; that no estimates for the construction of a court-house were submitted, and that no emergency existed at the time of said special meeting; that the Board of Commissioners of the County of Newton is about to let a contract for the erection of a court-house, in pursuance of the allowance made by the county council at the special session held on December 17, 1904, and that, if such contract should be let, the relators, as taxpayers of said county, will be subjected to a tax for the erection of said building, which tax will be contrary to law and inequitable, and the relators will therefrom suffer irreparable damage. Wherefore they pray that said board of commissioners be enjoined from letting such contract, and for all other proper relief.

The demurrer of appellee Newton County Council was sustained to the complaint, and appellant duly excepted. The demurrer of appellee board of commissioners was overruled, and an answer filed (1) in denial of the averments of the complaint, and (2) setting out in full the record and proceedings of the county council, by virtue of which said appellees claimed the right to proceed. Appellant's demurrer to the second paragraph of answer was overruled, and the issues were closed by a reply in denial. A trial resulted in a finding and judgment in favor of appellee board of commissioners.

The assignment of errors challenges the decision of the court below in sustaining the demurrer of the county council to the complaint, in overruling appellant's demurrer to the second paragraph of answer, and in overruling appellant's motion for a new trial. The ruling of the court in sustaining the demurrer of the

county council to the complaint has not been urged as
error, and was clearly right.

 The conclusion reached upon the merits of the case makes
   it unnecessary to consider the sufficiency of the
 2. affirmative paragraph of the answer, and the error, if
   any, in holding this answer sufficient, was harmless.

 The controlling facts, as shown by the record, are as fol-
lows: A special session of the Newton County Council
was duly convoked ôn the 7th day of March, 1904, at which
a requisition of the board of commissioners was presented,
asking authority to issue bonds of the county to the amount
of $25,000 for the purpose of building a new court-house,
and that an appropriation of said sum be made for such
purpose. This request was denied. No further action
was taken by the county council until the 17th day of De-
cember, 1904, when another special meeting was convoked,
upon proper notice given by the auditor. The minutes of
this meeting, after showing the members present and the
notices given, read as follows: "And now said county
council find that due and legal notice of said meeting has
been given as provided by law, and on said December, 1904,
comes, also, S. C. Jones, auditor, and presents the requisi-
tion of the Board of Commissioners of the County of New-
ton, Ind., asking that said board of commissioners be author-
ized to borrow money and issue the bonds of said Newton
county in the sum of $25,000 for the purpose of erecting a
court-house at Kentland, the county seat of said county,
which requisition reads as follows: 'State of Indiana,
Newton County. Office of Board of County Commission-
ers. To the County Auditor: The undersigned board of
county commissioners of said county respectfully submit an
estimate of expenditures necessary to be made by the board
in the construction of county buildings, to wit: (1) For
the construction of a court-house, $25,000; and they say
that an emergency exists for the making of such an appro-
priation, to the end that the public records be properly pro-

tected and the public business of the county properly conducted. Dated at Kentland, Indiana, November 10, 1904. D. Hess, Geo. F. Merchant, Commissioners of Newton county, Indiana.'

"And after careful consideration of the matter by the council, councilman Hershman moved that the request set out in said requisition of said board of commissioners be granted, which motion was seconded by councilman Chancellor. The motion being put on its passage, those voting in the affirmative were councilmen Hershman, Hartley, Chancellor, Herriman, Tyler and Ewen. Councilman Roush voting in the negative. Said motion, being supported by more than two-thirds of the council, was, by the president, declared carried.

"Be it therefore ordered by the Newton County Council that the board of commissioners of Newton county, Indiana, be and they are hereby authorized to borrow $25,000, the same to be used for the purpose of erecting a court-house on the court-house square in the town of Kentland, the county seat of Newton county, Indiana. And the said board of commissioners are further authorized and directed to issue negotiable coupon bonds of the county in the sum of $25,000. * * * It is further ordered that the money so borrowed and derived from the sale of said bonds be, and the same is hereby, appropriated for the purpose of erecting a court-house in said town of Kentland, the county seat of Newton county, Indiana. * * * Ordered that the council do now adjourn." Signed by the members of the Newton County Council.

On the 2d day of January, 1905, the board of commissioners of Newton county entered into a written contract with an architect for plans and specifications for a court-house, and for the superintendence of its construction. On February 6, 1905, the board of commissioners approved the plans and specifications prepared and submitted by the architect, and directed advertisement for sealed proposals

for the erection of said building to be made, such proposals to be received on the 3d day of April, 1905.

.The provisions of the statute of 1899, entitled, "An act concerning county business" (Acts 1899, p. 343, §§5594z, 5594a1, 5594e1, 559411, 5594t1 Burns 1901), pertinent to the question under consideration, are as follows: "Section 20. All of the above provided for estimates when so: prepared, other than the one prepared by the county auditor, shall be presented to said auditor on or before the Wednesday following the first Monday in August, and they, together with the one so prepared by him, shall be kept on file in his office subject to inspection by any taxpayer of the county from the time they are filed. The county auditor shall give notice by publication one time in each of two leading newspapers of general circulation, printed and published in the county, if there be such, representing respectively the two political parties casting the highest number of votes in such county at the last preceding general election, of the aggregate amount of each of said estimates before their presentation to the council. At the regular annual meeting of the council on the first Tuesday after the first Monday in September, the auditor' shall present all of said estimates thereto, and may make such recommendation to the council with reference to the estimate as may to him seem proper. And it shall be his duty before such meeting of the council to prepare an ordinance in proper form, to be adopted by the council, fixing the rate of taxation for the taxes to be collected in the ensuing calendar year, and also an ordinance making an appropriation by items for such calendar year for the various purposes for which all of the above estimates are required. The council at said meeting shall act upon such ordinances, and by adopting the same or amended or substituted ordinances fix the tax rate within the limit prescribed by law, and make the appropriations. Each ordinance shall be read upon at least two separate days

before its final adoption.    The council shall have full power to require any estimate not sufficiently itemized to be so itemized by the person who prepared the same, and to appropriate for any purpose a sum not greater than that estimated in the item therefor.    By a three-fourths vote of the council, and not otherwise, an appropriation may be made for an item not contained in any estimate, or for a greater amount than that named in any item of an estimate.

"Section 21.    If at any time after the adjournment of the regular annual meeting in September, an emergency should arise for further appropriations, for any purpose for which the council is authorized to appropriate by this act, such further appropriations may be made at a special meeting of the council, on estimates prepared and presented as hereinabove provided by an ordinance passed by at least a two-thirds vote of all the members of the council and not otherwise."

"Section 25.    No board of county commissioners, officer, agent or employe of any county shall have power to bind the county by any contract or agreement, or in any other way to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of the obligation attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriation, are declared to be absolutely void."

"Section 32.    The county council shall have the exclusive power to authorize the borrowing of money for the county, but the total amount of county indebtedness shall not exceed an amount equaling two per cent of the taxable property of such county, as the same may appear on the tax duplicate for the year in which such loan shall be effected. The ordinance authorizing such loan may direct the issue of bonds or other county obligations, negotiable or otherwise, bearing interest at a rate not exceeding six per cent. * * * Whenever any bonds are authorized the ordi-

nance shall state the purpose for which said bonds are issued, so that the record may show that such bonds are issued either for the purpose of paying any county indebtedness incurred before the passage of this act or for county expenses authorized by law other than current running expenses, or for the payment of bonds issued for said lawful purposes after the passage of this act."

"Section 40. Whenever any bonds are authorized by the county council to be sold, it shall be the duty of the auditor to prepare and place on file in his office printed copies of the ordinance authorizing the same, together with specifications describing said bonds which are proposed to be sold."

Section twenty-five of this act, in plain and positive terms, prohibits boards of commissioners, and other officers and agents of a county from attempting to make any contract or agreement in the name of the county for the payment of money in excess of the amount at the time appropriated by the county council for the purpose, and declares all contracts made in violation of its terms void.

It is equally plain that no appropriation can be made, and no loan or bond issue be authorized under the above statute, except by ordinance duly passed by the county council. This provision is mandatory, for when the legislature of a state has prescribed the specific mode in which a subordinate municipal body shall proceed in a particular matter, the legislative direction must be followed. *Swindell* v. *State, ex rel.* (1895), 143 Ind. 153, 164, 35 L. R. A. 50; *Bills* v. *City of Goshen* (1889), 117 Ind. 221, 3 L. R. A. 261; *City of Logansport* v. *Crockett* (1878), 64 Ind. 319, 322; *Coffin* v. *City of Portland* (1890), 43 Fed. 411; *Chicago, etc., R. Co.* v. *City of Chicago* (1898), 174 Ill. 439, 51 N. E. 596.

The word "ordinance" in its primary signification, and as used in this statute, means an instrument in writing.

*City of Delphi* v. *Evans* (1871), 36 Ind. 90, 100, 10 Am. Rep. 12; *Stevenson* v. *Bay City* (1872), 26 Mich. 44; *Vanderbeck* v. *Ridgewood* (1888), 50 N. J. L. 514, 14 Atl. 598.

In the case last above cited, the court, upon this point, said: "The word 'ordinance,' under our decisions, means something more than a verbal motion, subsequently reduced to writing by a clerk or secretary of the local board." Its use in a statute providing that when any grade is to be established it shall be the duty of the township board to establish it by ordinance, which ordinance shall be entered on file in the township book, was intended to prescribe a certain formality which would perpetuate the action of the committee, and leave no doubt as to its true character.

It has been frequently held that when a statute prescribes that a local council or board shall do certain acts by ordinance, such acts can not be validly done by order, resolution or motion. *Pimental* v. *City of San Francisco* (1863), 21 Cal. 351, 364; *City of Central* v. *Sears* (1875), 2 Colo. 588; *Chicago, etc., R. Co.* v. *City of Chicago, supra; Village of Altamont* v. *Baltimore, etc., R. Co.* (1900), 184 Ill. 47, 52, 56 N. E. 340; *People, ex rel.,* v. *Mount* (1900), 186 Ill. 560, 571, 58 N. E. 360; *City of Paxton* v. *Bogardus* (1903), 201 Ill. 628, 640, 66 N. E. 853; *McDowell* v. *People, ex rel.* (1903), 204 Ill. 499, 502, 68 N. E. 379; *Newman* v. *City of Emporia* (1884), 32 Kan. 456, 461, 4 Pac. 815; *Town of Trenton* v. *Coyle* (1891), 107 Mo. 193, 196, 17 S. W. 643; *Eichenlaub* v. *City of St. Joseph* (1893), 113 Mo. 395, 402, 21 S. W. 8, 18 L. R. A. 590; *City of Nevada* v. *Eddy* (1894), 123 Mo. 546, 558, 27 S. W. 471; *State* v. *Mayor, etc.* (1871), 35 N. J. L. 205, 207; *Hunt* v. *Lambertville* (1883), 45 N. J. L. 279, 281; *City of Paterson* v. *Barnet* (1884), 46 N. J. L. 62, 66; *Conover* v. *Long Branch Commission* (1900), 65 N. J. L. 167, 169, 47 Atl. 222; *City of San Antonio* v. *Micklejohn* (1895), 89 Tex. 79, 81, 33 S. W. 735.

The record discloses that the Newton County Council attempted to make the appropriation of money for the building of a court-house by a mere motion and an order made in pursuance thereof. This procedure was in plain violation of the statute. The adoption of the motion is followed by an order spread upon the record, purporting to authorize the issuance and sale of county bonds to provide the money so appropriated. The statute quoted requires that the issuance of county bonds can be authorized only by ordinance, and the method adopted in this case was in violation of the law, and therefore ineffectual and invalid.

It follows that no appropriation of money for the erection of a court-house had been made by the Newton County Council at the time appellee board of commissioners was intending and threatening to enter into a contract for the erection of such a building, and that said appellee was proceeding without warrant of law, and that such contract, if made, would be void. A taxpayer may enjoin a local council or board from doing an illegal act which would result in imposing upon him an unlawful tax: *Board, etc., v. Markle* (1874), 46 Ind. 96, 104; *Alexander v. Johnson* (1896), 144 Ind. 82; *Board, etc., v. Spangler* (1902), 159 Ind. 575, 583; *Miller v. Bowers* (1902), 30 Ind. App. 116.

It is suggested that appellant has been guilty of laches, but the suit was brought in time to prevent harm to innocent parties, and has been prosecuted with diligence, and we think the objection is not sustained. Other questions are discussed, but, as their consideration is not necessary to a determination of this appeal, we express no opinion upon them at this time.

This suit would have been of exclusively equitable jurisdiction under the law of this State prior to June 18, 1852, and belongs to that class of cases in which this court may review both the law and the facts. The evidence in this case being all written, we can judge of

its probative force and effect as well as the trial court could, and are able to ascertain and declare the justice of the case. It is competent for this court, under such circumstances, both by virtue of its inherent power and by the statute (Acts 1903, p. 338, §8), to render such a decree in the premises as the justice of the case requires. The evidence being documentary and undisputed, it is manifest that the finding and judgment of the court below are contrary to law, and that a new trial would serve no useful purpose.

The judgment is affirmed as to the Newton County Council, and reversed as to appellee board of commissioners, and the court below is directed to enter a finding in favor of appellant, and to render judgment thereon enjoining appellee, as the Board of Commissioners of the County of Newton, from entering into a contract for the construction of a court-house, and from erecting a court-house, or paying out for such purpose any of the funds of said Newton county, under and by virtue of the proceedings of the county council of said county of the date of December 17, 1904.