TOWNSHIP OF PISCATAWAY, IN THE COUNTY OF MIDDLE-
SEX, A MUNICIPAL CORPORATION, PROSECUTOR, v.
STATE BOARD OF TAX APPEALS, DEFENDANT.

Submitted October 6, 1942—Decided December 21, 1942.

Before Justices PARKER and PORTER.

For the prosecutor, *Maurice M. Bernstein.*

For the respondent, The Trustees of Rutgers University,
*Fred W. DeVoe.*

PER CURIAM.

The question for decision is the liability to taxation on the
one hand and exemption from taxation on the other of a
large dwelling house which, to adopt the language of the
headnote to the somewhat lengthy decision of the State Board,
was acquired by Rutgers University "as a dwelling for its
president, which is situated near the campus and remodeled
and enlarged for the purpose of enabling the president to hold
official meetings of faculty, deans, students, and administra-
tive personnel, as well as to greet and entertain official guests
of the university." The State Board held that, in view of
the evidence, the building in question is exempt from taxation
as a building actually used for a college within the scope of

the statute, *R. S.* 54:4-3.6, in view of the fact that it is used regularly and continuously for the purposes above stated; and that the exemption extended to a curtillage not exceeding five acres, being the limit prescribed in the statute.

We have carefully considered the case, and considered it as amply as practicable in view of certain limitations as regards the evidence which was before the Board but has not been fully laid before us, particularly a map of the Rutgers University properties prepared and demonstrated by one of the witnesses, and the deed containing the description of the lot in question. We gather from the evidence, however, that the university, whose original buildings are situated in the City of New Brunswick in close proximity to the Pennsylvania Railroad, because of the need of expansion, has acquired from time to time considerable tracts of land on the north side of the Raritan River, used partly or wholly as athletic fields, and that the tract now in question, is adjacent to these athletic grounds. It appears in the case that the athletic grounds are not exempted although it is stated in the brief for the University that appeals are pending from that holding. However, be this as it may, it seems clear, as decided by the Board, that the University as a part of the plant is entitled to have an official residence for its president and that any use made of the house in question other than what is purely residential is exclusively incidental to the administrative conduct of the university as an educational institution.

We have no hesitation, therefore, in affirming the judgment of the State Board, with costs.