34 N.J. Super. 418 (1955)
112 A.2d 745
TOWNSHIP OF TEANECK, PETITIONER-APPELLANT,
v.
LUTHERAN BIBLE INSTITUTE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1955.
Decided March 17, 1955.
*419 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. John J. Deeney argued the cause for petitioner-appellant.
Mr. James A. Major argued the cause for defendant-respondent.
The opinion of the court was delivered by CLAPP, S.J.A.D.
The issue raised by this case is whether three buildings in Teaneck, N.J., owned by the Lutheran Bible Institute, are exempt from local taxation, because they are 
"buildings actually and exclusively used in the work of associations and corporations organized exclusively * * * for religious * * * purposes * * *." N.J.S.A. 54:4-3.6
The State Division of Tax Appeals held the buildings exempt, affirming the decision of the County Board. Teaneck appeals.
The Institute, a religious corporation organized under Title 16 of the Revised Statutes, owns and operates in Teaneck a school of Christian education, teaching the Bible and other subjects for the benefit of laity of the Lutheran denomination. Students attend free of charge. Four ordained ministers furnish classroom instruction and conduct regular chapel services for the benefit of the students.
The three buildings in question, owned by the Institute, are not in the same tax block as the school and (according to *420 Teaneck's brief) are two miles away from it. Each is occupied (according to the Institute's brief), rent-free, by one of the ministers (one of the three being the Dean of the school) and his family as a dwelling. Here he has his office or study, and though no classes or meetings are held there regularly, students do seek him out at his home for additional guidance and instruction.
It is settled law that this statute, N.J.S.A. 54:4-3.6, is to be construed against those claiming an exemption under it; for it impinges upon the basic notion that burdens of taxation should fall ratably upon all. City of Trenton v. State Board of Tax Appeals, 127 N.J.L. 105, 106 (Sup. Ct. 1941), affirmed City of Trenton v. Rider College, 128 N.J.L. 320 (E. & A. 1942); cf. New Jersey Turnpike Authority v. Washington Tp., 16 N.J. 38, 44 (1954). Of course, in the application of the statute, we cannot allow ourselves to be moved by the especial worthiness of a claim.
The Institute does not claim that an exemption is to be given the three buildings on the ground that they are comprehended by the term "college," "school" or "parsonage," found in N.J.S.A. 54:4-3.6. However, the cases it relies on turn upon the significance of the word "college" or "school." One question presented by these cases is whether faculty residences and the president's home, located on or in the proximity of the campus, constitute a part of the "college." State v. Ross, 24 N.J.L. 497 (Sup. Ct. 1854); Piscataway Twp. v. State Bd. of Tax Appeals, 129 N.J.L. 261 (Sup. Ct. 1942), affirmed 131 N.J.L. 158 (E. & A. 1944); City of Hoboken v. Division of Tax Appeals, 134 N.J.L. 594, 600 (Sup. Ct. 1946), mod. 136 N.J.L. 328 (E. & A. 1947). As to a "school," see Congregation of Mission of St. Vincent de Paul v. Brakeley, 67 N.J.L. 176 (Sup. Ct. 1901). In Chatham v. Sisters of Charity of St. Elizabeth, 92 N.J.L. 409 (E. & A. 1918), the building in question was given an exemption primarily because of the term "school" and in a lesser way (the building was used in part for religious services open more or less to the public) because of the general clause as to religious buildings, with which we will deal later. It is *421 not even urged here that the concept of a "school," N.J.S.A. 54:4-3.6, is to be extended to cover the ministers' residences sub judice, located, as they are, in parts of Teaneck removed from the school. Hence these cases of colleges and schools are not authoritative here.
Nor can any of three buildings be said to be a "parsonage" of an "officiating" clergyman within the intendment of N.J.S.A. 54:4-3.6. St. Matthew's Lutheran Church for the Deaf v. Div. of Tax Appeals, 18 N.J. Super. 552 (App. Div. 1952); cf. Worcester Dist. Stewards etc. v. Assessors of Worcester, 321 Mass. 482, 73 N.E.2d 898 (Sup. Jud. Ct. 1947). The Institute concedes this.
The Institute's position comes down to this: an exemption, it claims, is due the buildings under the general clause as to religious buildings above quoted:
"all buildings actually and exclusively used in the work of associations and corporations organized exclusively * * * for religious * * * purposes * * *."
That poses the problem.
We think it clear that a building which constitutes a minister's dwelling  and we are dealing here with a building which, except in quite a minor respect, serves no other purpose  cannot, as such, acquire an exemption under this general clause, unless it is a parsonage. The exemption for a parsonage is hedged about with certain restrictions. See St. Matthew's Lutheran Church for the Deaf v. Division of Tax Appeals, supra; and note that the exemption is limited in amount to $5,000. Surely these restrictions cannot be escaped by resorting to the general clause stated  which incidentally is unlimited in amount. If one looks back over the history of the statute, one is forced to say that a building, which serves chiefly as a ministerial residence, has been given an exemption either under the term "parsonage" or not at all. State, Church of the Redeemer v. Axtell, 41 N.J.L. 117 (Sup. Ct. 1879).
Nor does it help the Institute's case if we were to regard those who dwell in these buildings in Teaneck, not as ministers, *422 but as persons serving in some other religious capacity. Where personages, other than ministers, give themselves over to religious work, are they to be accorded some preference over ministers? This makes no sense.
The gist of the matter then is this: a building which serves in the main merely as a residence for one engaged in the work of a religious corporation (and which only in a minor way enters into that work directly) cannot be held, by reason of that circumstance, to be "actually and exclusively used in the work" of that corporation. We therefore are obliged to conclude that the exemption sought here must be denied.
Reversed.