Bradley *v.* Thixton *et al.*

---

No. 14,480.

## BRADLEY *v.* THIXTON ET AL.

DESCENT.—*Husband and Wife.—Adulterous Husband.—Judicial Sale of Husband's Land.—Estate Acquired by Wife Thereunder.*—Under section 2497, R. S. 1881, a husband who is living in adultery at the time of his wife's death can take no part of her estate; and so, where she dies seized of land acquired by force of the act of 1875, relating to judicial sales of the husband's property, he is entitled to no interest therein, notwithstanding the provision in said act that land so acquired by a wife shall descend to the husband, as that provision must be construed to mean that he may take when capable of taking.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler*, for appellant.
*A. Elliott* and *S. B. Voyles*, for appellees.

ELLIOTT, C. J.—Sarah Durnil was the wife of Bryson A. Durnil. He became the owner of the real estate in controversy during the lifetime of his wife, and mortgaged it to Henry J. Prier, but the wife did not join in the mortgage. A suit for foreclosure was instituted against the mortgagor, and a decree foreclosing the mortgage was rendered. The wife was not a party to this suit. In 1877 the land was sold on the decree. Bryson A. Durnil abandoned his wife and lived in adultery with a woman named Dewey. He was living in adultery with this woman at the time of his wife's death, which occurred in 1880. Bradley brought this action against her heirs, the appellees, to recover the land owned by her husband and mortgaged to Prier. They recovered the estate in the land held by her.

The judgment is right. Under the act of 1875 Mrs. Durnil became the owner of an estate in the land upon the sale on the decree of foreclosure. Her inchoate right was then transformed into an absolute and vested one. *Elliott* v. *Cale*, 113 Ind. 383; *Shelton* v. *Shelton*, 94 Ind. 113; *Pattison* v. *Smith*, 93 Ind. 447; *Summit* v. *Ellett*, 88 Ind. 227; *Riley* v. *Davis*, 83 Ind. 1; *Elliott* v. *Cale*, 80 Ind. 285; *Hollenback* v. *Blackmore*, 70 Ind. 234.

The sale on the decree did not divest the wife's interest, but left it complete and vested in her. *Taylor* v. *Stockwell*, 66 Ind. 505; *Ketchum* v. *Schicketanz*, 73 Ind. 137; *Keck* v. *Noble*, 86 Ind. 1; *Mattill* v. *Baas*, 89 Ind. 220.

The title of Mrs. Durnil was, therefore, full and perfect, and she was, in law and in fact, the owner of an estate in the land. Her ownership was as complete as if she had acquired title in any other mode than through her husband. As this was the nature of her title, it must follow that it was governed by the same rules of law as would have prevailed had she become the owner of the land by gift or purchase. She

was the absolute owner, and her rights, and those of her heirs, are not impaired or altered by the mode in which she became invested with the ownership.

The law that applies to ordinary owners, situated as Mrs. Durnil was, applied to her in life, and applies now to her heirs, she being dead. That law is thus declared : " If a husband shall have left his wife, and shall be living, at the time of her death, in adultery, he shall take no part of her estate." R. S. 1881, section 2497.

The interest in the land which vested in the wife upon the sale under the decree of foreclosure was part of her estate, and the law, as clearly as it is possible for language to do, commands that the husband who is living in adultery shall take no part of that estate. To award it to him would be to disregard as plain a statute as was ever penned.

The act of 1875 is not to be taken as an isolated and detached law ; but, on the contrary, it must be taken as part of one great system of law. *Morrison* v. *Jacoby*, 114 Ind. 84 (90) ; *Chicago, etc., R. W. Co.* v. *Summers*, 113 Ind. 10 (15) ; *Robinson* v. *Rippey*, 111 Ind. 112, and authorities cited ; *Robertson* v. *State, ex rel.*, 109 Ind. 79 (87) ; *Humphries* v. *Davis*, 100 Ind. 274 (284).

No statute can stand entirely alone. It must be considered in connection with the other laws, written and unwritten, of the country. The jurisprudence of a nation is not composed of disconnected fragments, but of laws united in one great body.

The act of 1875, in providing that land acquired by the wife by force of its provisions shall descend to the husband, must be considered in connection with other rules and statutes, and, when thus considered, it is plain that the husband can not take in a case where another statute absolutely and unequivocally declares that he shall take no part of the wife's estate. A husband incapacitated by positive law from taking any part of his wife's estate, can not be invested with it

by the courts. A statute so clear and positive as ours can not be disregarded. The act of 1875 must, therefore, be construed to mean that the husband may take the wife's land acquired through him, in all cases where he is capable of taking; but it can not be so construed as to allow him to take where a positive statute declares that he shall take no part of her estate.

The court, in adjudging that each party should be taxed with costs, did not commit an error of which the appellant can complain.

Judgment affirmed.

Filed Jan. 9, 1889; petition for a rehearing overruled March 5, 1889.