Ribelin v. Peugh et al.

Filed Nov. 26, 1890.

———————

No. 14,558.

RIBELIN v. PEUGH ET AL.

EXECUTION.—*Judgment Against Husband.*—*Sale of His Undivided Two-Thirds Interest in Real Estate.*—*Collateral Attack by Judgment Creditor.*—*Wife's Interest.*—Where a judgment is recovered against the husband and a writ of execution is issued and levied on the undivided two-thirds of a certain piece of real estate owned by the husband, whose wife was living at the date of the rendition of the judgment, and the issuance and levy of the execution, and the sale thereunder, the title of the pur-

Ribelin *v*. Peugh *et al.*

chaser at such sale can not be successfully attacked in a collateral proceeding by a judgment creditor of the husband, whose judgment was recovered on the same day, and who subsequent to the first sale levied upon all of the land and became a purchaser under said levy. Whether the sale of the undivided two-thirds of the land was strictly regular or not is unimportant. It covered the judgment debtor's actual interest, and is not absolutely void as against a judgment creditor. A judgment creditor can not successfully object to a sale because of irregularities.

From the Washington Circuit Court.

*J. A. Zaring* and *M. B. Hottel*, for appellant.

*S. B. Voyles*, *H. Morris* and *W. H. Paynter*, for appellees.

ELLIOTT, J.—On the 25th day of May, 1886, Joseph Jamison owned the real estate which is here the subject of controversy. At that time, and continuously since that time, Margaret Jamison was, and has been, his wife. On the day named John B. Reyman and Spencer B. Peugh each obtained a judgment against Joseph Jamison, and on the judgment of Reyman an execution was issued and levied on the undivided two-thirds of the land. Sale was made on that execution, and appellant bought the property. A certificate was executed to him in due form by the sheriff. After the execution on the Reyman judgment was issued and levied, Peugh took out an execution upon the judgment rendered in his favor. This execution was subsequently levied upon all of the land. At the expiration of one year from the sale on the Reyman judgment the sheriff executed a deed to Ribelin, and at the expiration of one year from the date of the sale on the other judgment a deed was executed to Peugh by the sheriff.

The trial court stated as its conclusions of law :

" 1st. That the levy and sale made under the Reyman judgment was void, because the same was levied on an undivided interest in real estate, when the execution debtor owned the entire interest.

" 2d. That the defendant, Ribelin, is not entitled to be

subrogated to the rights of Reyman as against Peugh, and thus obtain seniority for his judgment over that of Peugh.

" 3d. That Margaret Jamison is the owner in fee simple of an undivided one-third part of said real estate, and that Spencer B. Peugh is the owner, in fee simple, of an undivided two-thirds part in value of said land, and that Margaret Jamison and Spencer B. Peugh are tenants in common of said real estate, and are entitled to partition.

" 4th. That Ribelin has no interest or title in or to said real estate."

The trial court clearly erred in its conclusions of law, and the exceptions of the appellant are well taken. Since the act of 1875 took effect the interest of the wife vests as against judgment creditors, and a vested estate can not, of course, be sold upon an execution issued against a person who does not own that estate. All that a judgment fastens upon is the interest of the judgment debtor, and all that passes by a sale is the interest or estate of which he is the owner. *Shirk* v. *Thomas*, 121 Ind. 147. The principle is essentially the same where a widow's interest is involved, for the court has no power to order it sold. *Hutchinson* v. *Lemcke*, 107 Ind. 121, and cases cited.

This general principle was applied to a case involving the same question as that with which we are here dealing, and the court, in speaking of the wife's interest, said : " But, by the act of 1875, this third can not be sold at all in that manner ; and, when the other two-thirds are thus sold, the hitherto inchoate right of the wife becomes at once consummate." *Taylor* v. *Stockwell*, 66 Ind. 505. The case from which we have quoted has often been approved. *Summit* v. *Ellett*, 88 Ind. 227 ; *De Armond* v. *Preachers Aid Society*, 94 Ind. 59 ; *Mansur* v. *Hinkson*, 94 Ind. 395 ; *Richardson* v. *Schultz*, 98 Ind. 429 ; *Pouder* v. *Ritzinger*, 102 Ind. 571 ; *Wright* v. *Tichenor*, 104 Ind. 185 ; *Elliott* v. *Cale*, 113 Ind. 383 ; *Bradley* v. *Thixton*, 117 Ind. 255.

It is quite clear, therefore, that the interest of the wife

can not be divested by a sale upon a judgment against the husband, no matter how the sale is conducted. Possibly it may be better to offer the entire interest for sale, but granting—not, however, by any means deciding—this to be the better course, it by no means follows that a sale of what the husband actually owns is absolutely void. The sale of a less estate than the judgment debtor possesses can not, in any case, render the sale entirely nugatory. Certainly, in such a case as this, where no more than two-thirds of the property could pass, no matter what mode of conducting the sale might be adopted, the sale of two-thirds will not completely vitiate the sale and destroy the title. As the appellant bought two-thirds of the property, he bought all the interest the husband owned, and left nothing for the appellee Peugh to sell; he could not in any event acquire title. to what had already been sold, nor can he acquire title to the wife's interest, for that is not subject to sale. As the appellant acquired title to the whole of the husband's interest, it seems to necessarily follow that he became the owner of the only estate which could be sold upon a judgment, leaving the wife the owner of the residue, and excluding Peugh from any participation in the ownership, so that he is not a tenant in common with Mrs. Jamison. Whether the sale of the undivided two-thirds of the land was strictly regular or not is not important, for it certainly covered the judgment debtor's actual interest, and is not absolutely void as against a judgment creditor. It has long been the rule in this State that a judgment creditor can not successfully object to a sale because of irregularities. *Jones* v. *Carnahan,* 63 Ind. 229; *Johnson* v. *Murray,* 112 Ind. 154; *Hollcraft* v. *Douglass,* 115 Ind. 139.

Here the only interest subject to sale was that of the judgment debtor, and the utmost that can be said, if, indeed, so much can be justly said, is, that the levy was not made in strict accordance with the law, and this is, at the most, no more than a mere irregularity. Even the execution defend-

ant can not avoid a sale upon execution in a collateral attack unless it is absolutely void, for if not void, it can only be avoided by a direct attack. *Jones* v. *Kokomo, etc., Ass'n*, 77 Ind. 340 ; *Woolery* v. *Grayson*, 110 Ind. 149. Here the attack is collateral, and is made by a judgment creditor, so that the rule to which we have referred applies with peculiar force. The application of this well settled doctrine leads to a just result, and prevents the appellee Peugh from reaping an undue advantage, for he ought not, in good conscience, to be allowed to stand by without objection, and after a long lapse of time insist upon the utter invalidity of the levy, when, if he had made a timely attack in a direct mode, the error, if there was one, in making the levy could have been readily corrected.

Judgment reversed, with instructions to re-state conclusions of law, and to proceed in accordance with this opinion.

Filed Nov. 26, 1890.