### Gish v. Board of Commissioners of St. Joseph County.

[No. 4,500.   Filed October 15, 1903.]

COUNTIES. — *Physician for Poor Person.* — *Payment.* — *Appropriation by County Council.* —A complaint against a county by a physician for services rendered a poor person is insufficient, where it is not alleged that the county council had made an appropriation for the payment of such claim or class of claims.

From St. Joseph Circuit Court; *W. A. Funk,* Judge.

Action by John L. Gish against the Board of Commissioners of St. Joseph county. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. G. Orr*, for appellant.

*D. D. Bates*, for appellee.

HENLEY, J.—The trial court in this case held the appellant's complaint insufficient, and out of this action arises the only question presented by the appeal. It is averred in his amended complaint that on the 10th day of December, 1900, appellant was a licensed physician and surgeon of St. Joseph county, Indiana; that at said date and for some years prior thereto he was a specialist in diseases of the eye, and was skilled in the treatment of such diseases; that on said 10th day of December, 1900, one Georgia Brown was a poor person living in Portage township, in St. Joseph county; that she was afflicted with a certain disease of the eye called "trachoma," and was nearly blind; that in order to save her eyesight, certain operations and special treatment were necessary; that prior to the 10th of December, 1900, a physician was employed by the board of commissioners as a physician for the poor of Portage township, and that he was in the employ of such board on the 10th of December, 1900; that said physician was not a specialist in diseases of the eye, and was incompetent to render the needed services to Georgia Brown; that on said 10th day of December the trustee of Portage township sent said Georgia Brown to the said physician employed by the board, for treatment for her disease, and that said physician failed and refused to render her any treatment, giving as his reason that he was not a specialist, and did not possess the necessary instruments and medicines required in treatment of diseases of the eye, and that said township physician told the trustee that said Georgia Brown should be taken to an eye specialist for treatment; that thereupon the trustee took her to the appellant, and employed appellant to treat her for the disease; that the appellant treated her from the 10th of December, 1900, up to and including the 10th day of

May, 1901; that during that time he rendered her professional services of the value of $227, as shown by the bill of particulars attached to the amended complaint, and that the services were worth $227; that on the 7th day of October, 1901, appellant presented the claim for the services rendered to the board of commissioners of St. Joseph county, and that said claim was refused and wholly disallowed. The bill of particulars, showing the items and dates of treatment, is attached to this amended complaint. Appellant asks judgment against the board of commissioners of St. Joseph county for $227.

The complaint is insufficient because it does not aver that the county council of St. Joseph county had appropriated a sum for the payment of this claim, or had appropriated a sum of money for the payment of a class of claims under which the claim in suit would fall. Nor does the claim fall within the class of claims which may be paid out of the county treasury without first having an appropriation made therefor. See §§5594b1, 5594c1-5594m1 Burns 1901; *Turner* v. *Board, etc.,* 158 Ind. 166. Under the facts alleged in the complaint appellee could not allow the claim; neither could the circuit court of St. Joseph county pronounce a valid judgment in appellant's favor against the county. Acts 1899, p. 343, §27; *Turner* v. *Board, etc., supra.*

By §8166g Burns 1901 the provisions of the poor law of 1901 are expressly controlled by what is commonly known as the county reform law of 1899. The section of the poor law above referred to is as follows: "Wherever there shall be organized a county council in any county in this State, it is hereby declared that the authority conferred by this act to pay officers and employes of such asylums and to pay for materials and supplies of every sort therefor, shall be, and the same is hereby strictly limited to the extent of specific appropriations of money made in advance by such county council upon estimates furnished.

No obligation or liability of any sort shall be incurred by any officer on behalf of said county unless the same shall fall within the appropriation specifically made for the purpose. Any undertakings or agreements contrary to the provisions of this section are declared to be absolutely void, and no action shall be maintained against the county thereon."

It seems to us that the statutes in force are directly applicable here, and that the facts averred in the complaint do not state a cause of action.

The judgment is affirmed.