## State, ex rel. Knobloch, *v.* Parks, Auditor.

[No. 20,900. Filed May 2, 1907. Rehearing denied October 10, 1907.]

1. COUNTIES.—*Contracts.* — *Taxation.* — *Omitted Property.* — *"Tax Ferrets."*—*Complaint.*—Contracts entered into between boards of commissioners and "tax ferrets" for the discovery and placing on the tax duplicates of omitted property, are subject to the provisions of the county reform act of 1899 (Acts 1899, p. 343, §5594g *et seq.* Burns 1901), requiring as a condition precedent to the making of a contract the appropriation, by the county council, of a sum sufficient to pay the money needed therefor; and a complaint for the recovery of money under such contract must allege such appropriation. p. 95.

2.  COUNTIES.—*Contracts.*—*Taxation.*—*Omitted Property.*—*Statutes.*
—The act of 1905 (Acts 1905, p. 15, §8526a Burns 1905), providing
that from the gross amount of taxes collected, the expense of in-
vestigation and collection shall first be deducted and the remain-
der paid into the treasury, does not dispense with a prior appro-
priation by the county council covering such cost of investigation
and collection.  p. 99.

From Clark Circuit Court; *Harry C. Montgomery,*
Judge.

Action by the State of Indiana, on the relation of Henry
Knobloch, against George B. Parks, as county auditor of
Clark county.  From a judgment for defendant, plaintiff
appeals.  *Affirmed.*

*James W. Fortune, John W. Kern* and *James E. Trues-
dale,* for appellant.

*Joseph A. McKee* and *Ward H. Watson,* for appellee.

MONTGOMERY, C. J.—This action was brought to compel
appellee, as auditor, to issue a warrant to the relator for
services rendered under a contract with the county in re-
gard to the recovery of omitted and sequestered taxes.  An
alternative writ of mandate was duly issued and served,
and to this appellee's demurrer on the ground of insufficient
facts was sustained.  Appellant refusing to amend or plead
further, final judgment was rendered in favor of appellee.

It is alleged that the court erred in sustaining appellee's
demurrer to the alternative writ, or complaint.  The writ
alleged the following facts in substance: That appellee is
the duly elected, qualified, and acting auditor of Clark
county, and on December 4, 1905, said county was indebted
to the relator in the sum of $1,321.66, for services rendered
by him under a written contract of employment with the
board of commissioners of the county, duly entered into
July 7, 1903, it having been found on said date, by an order
of the board, that the employment of relator upon the terms
of said contract was an indispensable public necessity
(copies of such order and contract by proper exhibits are

made parts of the complaint); that under said contract relator was employed to discover, report, and cause to be reported to the proper authorities personal property subject to taxation in said county, which had theretofore been omitted and had not been assessed and taxed as provided by law; that the contract is still in full force, and on November 20, 1905, relator filed his said claim with appellee as auditor, and on December 4, 1905, the same was by the board of commissioners examined and duly allowed and ordered paid at the expiration of thirty days from the date of such allowance, and the appellee as such auditor directed to issue a warrant for said sum upon the treasurer of said county in favor of the relator; that on January 5, 1906, the relator demanded that appellee, as such auditor, issue such warrant, which demand was then, and ever since has been, refused, and said sum is still due and owing to relator; that on January 5, 1906, there was, and still is, in the treasury of said county, money and funds liable for the payment of said claim and sufficient to pay and satisfy the same in full, and any other claims against said county.

Appellee's counsel insist that their demurrer was properly sustained, for the reasons that there was no allegation in the complaint that when the alleged contract was entered into there was any money appropriated by the county council for the purposes of the obligation thereby attempted to be created; nor was there any allegation that at the time the warrant was demanded of appellee there was any money in the treasury duly appropriated to meet such expenditure.

Appellant's contention is that contracts of the class to which the one in suit belongs are not subject to the provisions of the county reform act.   Acts 1899, p. 343,

1.   §5594g *et seq.* Burns 1901.  The provisions of the county reform law pertinent to the subject under consideration read as follows: "Funds due the State or any township, town or city of the county from the county treasury may be paid in the manner and upon the authority

prescribed by law other than this act, but except as to such funds no money shall be paid from the county treasury otherwise than upon a warrant drawn by the county auditor. Except as to salaries of county councilmen this act shall not be construed as authorizing the auditor to draw any warrant that is not authorized by existing or other laws than this act. Appropriation by the county council shall not be necessary to authorize a warrant drawn and payment made out of the county treasury in the following instances, namely: Of any money belonging to the State; of any money belonging to any school fund, whether principal or interest; of any money belonging to any fund of any township, town or city of the county; or of any money due to any person, company or corporation which has been paid into the county treasury pursuant to assessment on persons or property of the county in territory less than that of the whole county for any public improvement or purchase thereof, such as ditches and drains and repairs thereof, straightening watercourses, making levees and repairs thereof, or establishing and constructing highways, turnpikes, gravel or macadamized roads; of any money due to any person, company or corporation, which has been paid into the treasury to redeem from any tax or other sale; or of any money so due that has been paid in pursuant to authority of law as a tender or payment to the person, company or corporation; or taxes erroneously paid. In all the above-enumerated instances payment may be made out of the county treasury upon the authority and in the manner prescribed by law without appropriations by the county council. In all other instances no warrant shall be drawn upon, or money paid out of the county treasury, unless an appropriation by the county council therefor has been made, for the calendar year in which the payment is made, and which appropriation remains unexhausted.'' Acts 1899, p. 343, §22, §5594b1 Burns 1901. ''The county auditor shall keep separate accounts for each specific item of

appropriation made by the council, and shall state in all warrants drawn upon the treasury specifically against which of said items the warrant is drawn. He shall not suffer any item of appropriation to be overdrawn, or the appropriation for one item to be drawn upon for any other purpose, or for the purpose of any other county office, court or division thereof, or board of commissioners other than that for which the item of appropriation was specifically made. Any county auditor who shall knowingly and wilfully violate the provisions of this or the preceeding section shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in any sum not exceeding $1,000, to which may be added imprisonment in the county jail for a term not exceeding six months." Acts 1899, p. 343, §23, §5594c1 Burns 1901. "No board of county commissioners, officer, agent or employe of any county shall have power to bind the county by any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of the obligation attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriation, are declared to be absolutely void." Acts 1899, p. 343, §25, §5594e1 Burns 1901. "No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject-matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court, and for the purpose for which such obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void." Acts 1899, p. 343, §27, §5594g1 Burns 1901.

Section 5594e1, *supra,* specifically declares all contracts, express or implied, attempted to be made involving the payment of money in excess of existing appropriations for the purpose, absolutely void. It follows, therefore, that if contracts made by boards of commissioners for the discovery, and the reporting for assessment and taxation, of omitted property fall within the purview of the county reform act, authority to enter into the agreement relied upon by appellant is not shown by the averments of the complaint. In the case of *Board, etc., v. Garrigus* (1905), 164 Ind. 589, growing out of an employment for services. like those alleged to have been rendered by appellant in this case, the court said at page 606: "Of course, such contract of employment is now subject to the provisions of the county reform law (§5594e1 Burns 1901, Acts 1899, p. 343, §25)." The general subject presented by this record was fully and carefully considered in the case just cited, and upon a reëxamination of the particular question for decision, as well as upon the authority of that case, we are of opinion that contracts for the employment of persons, at the expense of the county, to search for and discover property that has been omitted from assessment for taxation are subject to the restrictive provisions of the county reform law, and that the contract declared upon, and the allowance by the board made in pursuance thereof, are not shown to be valid and enforceable, for the want of proper averment that at the time the alleged contract was made the county council had duly appropriated money for the purpose and sufficient in amount to meet the obligation attempted to be incurred. *State, ex rel., v. Board, etc.* (1905), 165 Ind. 262, 271; *Board, etc., v. Hunter* (1903), 161 Ind. 478; *Board, etc., v. Mowbray* (1903), 160 Ind. 10; *Turner v. Board, etc.* (1902), 158 Ind. 166; *Board, etc., v. Babcock* (1904), 33 Ind. App. 349; *Gish v. Board, etc.* (1903), 31 Ind. App. 485.

Section 8526a Burns 1905, Acts 1905, p. 15, providing for the deduction of the total expense of the investigation

and collection from the gross amount of omitted taxes collected, and the distribution of the remainder, was designed to apportion the expense equitably and in proportion to the benefits resulting to the various funds affected, but not to dispense with the necessity of payment of such expense upon warrant issued by the county auditor. Section 5594b1, *supra*, enumerates certain exceptions, and concludes with the declaration: "In all other instances no warrant shall be drawn upon, or money paid out of the county treasury, unless an appropriation by the county council therefor has been made, for the calendar year in which the payment is made, and which appropriation remains unexhausted." Claims such as that asserted by appellant are not found within the excepted classes. It is clear that under the statutes quoted the auditor could not be required to draw a warrant for the payment of appellant's claim without a showing that a sufficient amount of money had been appropriated, and remained in the treasury unexpended and available for the payment of such warrant. The allegations of the complaint were deficient in this respect.

Finding no error, the judgment is affirmed.