## WALLACE v. BOARD OF COMMISSIONERS OF THE COUNTY OF SHELBY.

[No. 6,620. Filed July 1, 1910. Rehearing denied October 14, 1910. Transfer denied January 12, 1911.]

1. APPEAL.—*Jurisdiction.—Appellate Court.*—The Appellate Court has no original jurisdiction, its powers being limited to the correction of errors of the trial courts. p. 696.

2. APPEAL.—*Legalizing Acts.—Effect of, on Decision.*—The passage of a legalizing act after an appeal has been taken does not authorize a reversal of a judgment which was correct at the time it was rendered. p. 696.

3. APPEAL.— *Constitutional Law.— Jurisdiction.*— The Appellate Court has no jurisdiction to determine constitutional questions. p. 697.

From Shelby Circuit Court; *Will M. Sparks,* Judge.

Action by Samuel L. Wallace against the Board of Commissioners of the County of Shelby. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Frank L. Littleton* and *John J. Kelly,* for appellant.

*George H. Meiks, A. F. Wray* and *T. H. Campbell,* for appellee.

Per Curiam.—The questions arising upon this appeal are identical with the questions presented in the cases of *State,*

*ex rel.,* v. *Parks* (1907), 169 Ind. 93, and *State, ex rel.,* v. *Goldthait* (1909), 172 Ind. 210, and upon the authority of these cases the judgment of the court below is affirmed.

## On Petition for Rehearing.

Rabb, J.—Appellant earnestly insists, in support of his petition for rehearing in this case, that the decision of the Supreme Court in the case of the *State, ex rel.,* v. *Parks* (1907), 169 Ind. 93, and the case of the *State, ex rel.,* v. *Goldthait* (1909), 172 Ind. 210, upon the authority of which this appeal was decided by this court, are not controlling precedents upon the question presented by the record herein, for the reason that since these cases were decided the legislature has passed an act legalizing contracts entered into by boards of county commissioners where appropriations have not theretofore been made therefor by the county council, thus legalizing and making valid and binding the contract upon which appellant's suit is predicated.

It is sufficient to say, in response to appellant's contention, that this court is not a court of original jurisdiction, vested with power to determine cases upon their merits in the first instance. Its powers are limited to the correction of errors of law occurring in the proceedings and trial of the causes in the lower court adversely affecting the rights of appellant. *Deal* v. *State* (1895), 140 Ind. 354.

If the ruling and judgment complained of here were right at the time they were made, no subsequent legislative enactment or event of any character could transpose such correct judgment or ruling into error. Here, under the decisions referred to, the ruling and judgment of the court below were clearly correct, and this court can, in determining this appeal, take cognizance of the alleged curative act subsequently passed by the legislature, upon which appellant relies for a reversal of the case. Whether the enactment is within the limits of the constitu-

tional authority of the legislature, we, of course, cannot decide, and do not consider; and whether the judgment
3. appealed from will bar another action upon the contract sued upon in this, is not a question proper for our consideration, and we do not determine it.

Appellant's petition for rehearing overruled.