## LUND v. BOARD OF COMMISSIONERS OF THE COUNTY OF NEWTON.

[No. 6,871. Filed December 9, 1910. Rehearing denied February 17, 1911.]

1. COUNTIES.—*Expenditures.*—*Abuses.*—*County Reform Law.*—The county reform law (Acts 1899 p. 343) was enacted for the purpose of placing checks upon the expenditure of county revenues. p. 178.

2. COUNTIES.—*Boards of Commissioners.*—*Contracts.*—*Statutes.*— Boards of commissioners can not legally enter into a contract unless authorized so to do by the statutes. p. 179.

3. STATUTES.—*Construction.*—*County Reform Law.*—*Constitutional Law.*—That construction of the county reform law (Acts 1899 p. 344) declared by the Supreme and Appellate Courts, which forbids the boards of commissioners from entering into any con-

tracts for the expenditure of public money, unless proper appropriations therefor have been made, is correct, and does not violate the right to contract, take property without compensation, nor deny due process of law. p. 179.

4.  APPEAL.—*Transfer.* — *Appellate Court.* — *Constitutional Law.*— *Statutes.—Construction.*—The Appellate Court cannot decide constitutional law questions, but may construe statutes. p. 180.

5.  CONTRACTS. — *Public Officers.* — *Powers.* — *Notice.* — *Counties.*— *Boards of Commissioners.*—Ignorance of the law does not justify nor excuse persons dealing with boards of commissioners in violation of their lawful powers. p. 180.

6.  CONTRACTS.—*Illegal.—Boards of Commissioners.*—Contracts entered into by a board of commissioners, in violation of statute, are void. p. 180.

7.  COUNTIES.— *Courthouses.* — *Construction Contracts.—Appropriations.—Complaint.*—A contract for the construction of a courthouse cannot be lawfully made unless an appropriation therefor has been previously made, and such appropriation must be alleged in a complaint on such contract. p. 181.

From White Circuit Court; *James P. Wason,* Judge.

Action by Eric Lund against the Board of Commissioners of the County of Newton. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*William Whinery,* for appellant.

*William Darroch* and *John Higgins,* for appellee.

WATSON, J.—Appellant brought this action to recover the sum of $3,500, with interest, due for work and labor done and materials furnished by him for appellee, at its special instance and request, in the erection and construction of a courthouse in the town of Kentland. Appellant filed an amended complaint in three paragraphs, and afterwards two additional paragraphs were filed.

The first paragraph of the amended complaint was a common count, including a bill of particulars, for work and labor done and for material furnished at the special instance and request of appellee, and alleging that appellee had received and accepted said work, labor and material; also alleging the presentation of the claim to the board of commissioners, and its disallowance.

The second paragraph was likewise a common count for work and labor done and material furnished at the special instance and request of appellee, alleging also that the work, labor and material had been received, accepted and enjoyed by appellee; that appellant had presented his claim to appellee, and it had been disallowed; that he had requested said board to ask the county council of said Newton county to make an additional appropriation for the payment of his claim, all of which had been refused.

The third paragraph set forth the facts showing the adoption of plans and specifications by the board, the solicitation of bids by advertising, the presentation of appellant's bid with others, the awarding of the contract to appellant, the work done by him under said contract, the suit to enjoin the board from proceeding under said contract, the appeal to the Supreme Court, and the reversal of said judgment, the request made by appellee after said reversal that appellant stop work, the submission of an estimate by the appellee to the county council of Newton county for another appropriation of money with which to complete said building, the appropriation thereof, the adoption of new plans and specifications for the completion of said building from the point where appellant had been compelled to stop work thereon, the letting of a new contract, and the erection and completion of said building by appellee; likewise, the presentation of appellant's claim for allowance and its disallowance by appellee, also the request for an additional appropriation for the payment thereof.

The fourth paragraph was a common count for money paid by appellant for the use and benefit of appellee, at its special instance and request, for work and labor done and for material used in the erection and construction of the courthouse in the town of Kentland; alleging also the presentation of the claim to the board, and the disallowance thereof.

The fifth paragraph sets forth the facts similarly to the

third paragraph, except that it is more specific in its allegation, and is upon the theory of money paid at the special instance and request of appellee in carrying on the work under the contract for the erection and construction of the courthouse, a copy of which contract is made a part thereof. It also alleges the additional appropriation by the county council, the adoption of new plans and specifications by appellee, the completion of the building, and the refusal to pay appellant for the work and labor done and the material furnished at the special instance and request of appellee.

A several demurrer, filed to each paragraph of the amended complaint, was sustained by the court, which ruling is assigned as error.

There is no allegation in any of the paragraphs that an appropriation was made by the county council with which to pay on the contract at the time it was entered into, or for work done and material furnished, for the value of which appellant sues.

In order to stop abuses of public trust and extravagance in the expenditure of public money, which had grown up all over the State, the legislature of 1899 passed what is known as the county reform law. The parts applicable to the case under consideration are as follows: "No board of county commissioners, officer, agent or employe of any county shall have power to bind the county by any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of the obligation attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriation, are declared to be absolutely void." §5942 Burns 1908, Acts 1899 p. 343, §25.

"Hereafter the board of county commissioners * * * shall have no power whatever to make any allowance for voluntary services, or for things voluntarily furnished, and

no power to pay, or cause the same to be paid for, out of the county treasury. * * * All laws or parts of laws conferring power upon any authority to make payment out of the county treasury for any of the matters mentioned in this section, are hereby repealed." §5950 Burns 1908, Acts 1899 p. 343, §33.

"No warrants shall be drawn and no funds shall be paid out of the county treasury in payment of any claim on any contract with the commissioners for the execution of any public undertaking, except said contract has been let pursuant to the provisions of this act, nor unless said claim has been filed and allowed by the commissioners in the manner herein required." §5956 Burns 1908, Acts 1899 p. 343, §39.

In fact, the tenor of the whole act is to curtail and control the power of public officers in the expenditure of public funds.

The vital and only question in this case is, Can appellant recover under the averments of his complaint, where no appropriation is alleged to have been made to cover the expenditure for which he brings this action?

2. The board of commissioners, like other statutory officers, is without power to make any contracts for the expenditure of money, except such as are conferred upon it by statute.

Appellant, in his brief and in oral argument, challenges the construction of the county reform law laid down by 3. the Supreme Court and this court, in that such constructions are in violation of article 1, §§12, 21, 23, of the Constitution of the State of Indiana, and of the 14th amendment to the Constitution of the United States. The provisions of the statute under consideration are plain and unambiguous, and admit of no different construction; neither is such construction an attempt, in any manner, to limit or abridge the right of any private contract, or to take private property without just compensation; nor does

it deny to a person a remedy by due process of law, or the equal protection of the law common to all.    Nor is

4.    the ·constitutionality of said county reform law duly presented or argued.    If it had been, this court would be without jurisdiction; but only the construction thereof was challenged.

This statute, as said, was enacted for the ·welfare of the general public, and the restrictions and safeguards which it throws around the public treasury are no hardship to

5.    persons contracting and dealing with a public officer, for it defines the duties of the officers, and not only specifically defines their several duties and limits their official capacity and power, but denies to them in express and positive terms the right to exercise powers beyond those given them by statute.    So that when men deal with public officers, ignorance of the law governing their powers does not excuse them, and if they deal with such officers unadvisedly or recklessly they do so at their peril.

Moreover, the Supreme Court in the case of *State, ex rel.,* v. *Board, etc.* (1905), 165 Ind. 262, has fully determined the rights of appellant and appellee, with reference to the contract attempted to be made, the material furnished and the work done, for which this action is brought, as averred in the third and fifth paragraphs of the complaint.    So that at the time this action was brought appellant was no stranger to the rulings of the court with reference to this statute. Whatever hardship, if any, befalls him is of his own choosing, with full knowledge of the situation and circumstances.

It is the well-settled law of this State, that when county commissioners attempt to contract for the county, in disregard of the plain letter of the law, such contract is

6.    void, and no recovery can be had against the county for material furnished or labor performed under such contract.

It was necessary to allege and prove that the county coun-

cil had appropriated money necessary to pay the expenditure to be made by the commissioners on account of,

7.   and at the time the supposed contract was made, and for which this action is brought.

We find no error in the record, and the judgment is therefore affirmed.