BOARD OF COMMISSIONERS OF THE COUNTY OF DAVIESS *v.* FULKERSON.

[No. 10,357. Filed May 24, 1920.]

COUNTIES.—*Actions on Claims.—No Appropriation.—Schools and School Districts.*—In an action to recover the reasonable value of services as upon an implied agreement, in the capacity of assistant to the county superintendent, the failure of the county council to make an appropriation is a good defense under §5942 Burns 1914, Acts 1899 p. 343.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Minnie C. Fulkerson against the board of commissioners of the county of Daviess. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Arthur Rogers* and *Alvin Padgett,* for appellant.

*Hastings & Allen, M. S. Hastings, E. E. Hastings, J. G. Allen* and *A. W. Allen,* for appellee.

McMAHAN, C. J.—Appellee recovered a judgment against appellant in the sum of $81 for services alleged to have been rendered by her as an assistant to the county superintendent of Daviess county, Indiana.

Section 6400c Burns 1914, Acts 1911 p. 156, in force April 21, 1911, provides that the board of county commissioners may authorize the county superintendent to appoint an assistant, who shall receive for his services an amount not to exceed $3 per day for not to exceed 120 days in any one year.

Alva O. Fulkerson was county superintendent of Daviess county, Indiana, from January 1, 1911, to August 16, 1917. On April 10, 1911, ten days before §6400c, *supra,* went into effect, the board of commissioners of said county made an order by which they attempted to authorize the county superintendent to appoint an assistant, and on the same day said superintendent appointed appellee as his assistant. Without any other appointment she acted as such assistant until August 14, 1917.

The county council appropriated sufficient money each year to pay such assistant, except that it failed and refused to make any appropriation for the payment of such assistant after January 1, 1917. Said board of commissioners in regular session made and entered of record an order authorizing said superintendent to appoint an assistant for the year 1917. The date upon which this order was made is not disclosed by the record, but, from the contents of the order, we have reason to believe that it was made after January 1, 1917. The order of the board authorizing the county superintendent to appoint an assistant did not designate or fix the

compensation to be paid to such assistant, and there is nothing in the record to show that there was any arrangement or agreement between appellee and the county superintendent concerning her compensation. Appellee under the appointment of April 10, 1911, performed services in 1917 as follows:   In January, ten days; February, nine days; March, twelve days; April, fourteen days; May, fourteen days; June, eight days; July, seven days; August, four days.   Appellee's claims for said services were rejected and disallowed by the commissioners of said county for the reason that no money had been appropriated by the county council with which to pay the same.

The court sustained a demurrer to appellant's answer and overruled its motion for a new trial.   The only question which we are called upon to determine is:   Can appellee, in the absence of an appropriation by the county council, maintain an action against the appellant for compensation as assistant to the county superintendent?

The county superintendent is required each year to prepare an itemized estimate of the amount of money required for his office for the ensuing calendar year. §§5933, 5934 Burns 1914, Acts 1899 p. 343, §§16, 17. Such estimate must be filed with the county auditor and by him presented to the county council for action at its regular annual meeting in September of each year. §5937 Burns 1914, Acts 1899 p. 343, §20.

Section 5939 Burns 1914, Acts 1899 p. 343, §22, authorized the payment of certain moneys out of the county treasury without an appropriation by the county council and concludes as follows:   "In all other instances no warrant shall be drawn upon, or money paid out of the county treasury, unless an appropriation by the county council therefor has been made, for the cal-

endar year in which the payment is made, and which appropriation remains unexhausted.''

Claims such as that asserted by appellee are not found within the excepted claims. Under this section it is clear that the auditor could not be required to draw a warrant for the payment of appellee's claim without a showing that a sufficient amount of money had been appropriated and remained in the treasury unexpended and available for the purpose of such warrant. *State, ex rel.* v. *Parks* (1907), 169 Ind. 93, 81 N. E. 76.

Section 5942 Burns 1914, Acts 1899 p. 343, §25, pro-- vides that: "No board of county commissioners, officer, agent or employe of any county shall have power to bind the county by any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of the obligation attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriation, are declared to be absolutely void."

In an action on a claim created in violation of this section, the failure of the county council to make an appropriation is a good defense. *Board, etc.* v. *Pike Civil Tp.* (1907), 168 Ind. 535, 81 N. E. 489.

Appellee's theory upon the trial was that she was entitled to recover, upon an implied agreement, the reasonable value of her services. By that theory the action of the trial court in sustaining a demurrer to appellant's answer and in overruling its motion for a new trial must be judged.

Section 5942, *supra*, provides that all contracts and agreements, express or implied, and all obligations of any and every sort beyond existing appropriations shall be absolutely void. This language is plain and needs no construction. We think the claim appellee seeks to recover is within the statute, and that the absence of

an appropriation by the county council to pay the claim prevents a recovery.

Appellee contends that courts have power to render judgments against a county on valid claims in advance of any appropriation being made for the payment of such claims. This may be true, but, as said by the Supreme Court in *Board, etc.* v. *McGregor* (1909), 171 Ind. 634, 642, 87 N. E. 1, 17 Ann. Cas. 333: "The cause of action must not be founded upon any contract or order of court made since the taking effect of the county reform law."

Judgment reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings consistent with this opinion.