REXFORD ET AL., RECEIVERS, v. BOARD OF COMMIS-
SIONERS OF RUSH COUNTY.

[No. 12,383. Filed May 19, 1926. Rehearing denied June 30,
1926. Transfer denied November 16, 1926.]

1. APPEAL.—*Waiver of error in ruling on demurrer.*—On appeal
from a judgment on demurrer, appellant's failure to set out
the demurrer, or the substance thereof, in his brief is a waiver
of any error in the ruling on the demurrer. p. 284.

2. HIGHWAYS.—*Highway repair law does not authorize construc-
tion of new bridge.*—Section 7 of the act of 1920
for the repair of highways (Acts 1920 p. 124, §8527 Burns
1926), making it the duty of highway officials to keep in repair
all highways used as United States rural mail routes, does not
authorize the county commissioners to construct a new bridge
costing $1,850. p. 284.

3. BRIDGES.—*There can be no recovery for building new
highway bridge without plans or specifications and where
notice was not given as required by statute.*—Although ordered
by the board of county commissioners to construct a bridge over
a mill race crossing a highway constituting a United States
rural delivery route, the builder of a bridge costing $1,850 can-
not recover from the county the value of the work done in con-
structing such bridge, where plans and specifications were not
prepared and notice given as required by §§5898, 6109, 6110
Burns 1926. p. 284.

4. BRIDGES.—*One building highway bridge on order of board of
county commissioners cannot recover for his work unless board
acts within its statutory authority.*—One building a highway
bridge on order of a board of county commissioners is bound to
know whether the board has authority to order the construction
of such bridge so that he can recover the value of his work,
and if he fails to learn its authority in the matter, will not
be allowed to recover merely because the county has been bene-
fited by his work. p. 284.

5. COUNTIES.—*Boards of county commissioners are creatures of
statute and can only bind the county when they are acting
within their statutory authority.*—Boards of county commis-
sioners are creatures of statute, and, in order to bind the county,
must act within their statutory authority, which does not in-
clude authority to make fraudulent representations for which
the county will be liable. p. 284.

From Rush Circuit Court; *Will M. Sparks*, Judge.

Action by the American Paper Products Company against the Board of Commissioners of Rush county. From a judgment for defendant, Ley P. Rexford and others, receivers of plaintiff company, appeal. *Affirmed.* By the court in banc.

*William J. Henley*, for appellants.
*John H. Kiplinger*, for appellee.

NICHOLS, C. J.—This is an action against appellee to recover $1,850.15, the cost of the construction of a new bridge. Briefly stated, it is averred in the first paragraph of complaint, so far as here involved, that said company was the owner of certain real estate formerly owned by the United States Board and Paper Company over which real estate ran an old mill race constructed in about the year 1856, and abandoned as such in 1887. Such mill race crossed a public highway of Rush county, and in 1864 a turn-pike company constructed a toll road on said highway with a bridge over the mill race in the same location as the bridge here in controversy. In 1887 Rush county purchased the toll road and it became a part of the free gravel road system of the county, and said county thereafter maintained and repaired the bridge. The highway is a much traveled road, and it is necessary to keep it in a high state of repair for use as a part of the United States Rural Mail route, it being necessary for rural carriers to pass over the bridge. In 1923 the bridge became out of repair, and it became necessary to rebuild and reconstruct such bridge, and on August 6, 1923, the board of commissioners entered the following order: "It having been brought to the attention of the Board that the bridge across the race southwest of Carthage where the old mill race crosses the county highway near the southeast corner of the southwest quarter of Section 24, township 15 north, range 8 east, is in bad condition and dangerous to travel-

ers over said highway, the Board now orders the County Surveyor to prepare plans and specifications of a new bridge in conference with the American Paper Products Company, and said American Paper Products Company. is hereby ordered to proceed to the erection of a new bridge across said race at said point in compliance with the agreement heretofore entered into. between said Board and the predecessor of said company in accordance with the plans and specifications mutually agreed upon."

Upon receiving said order, appellant proceeded immediately to the construction of such bridge as in said order directed and completed the same at an actual cost for material and labor of $1,850.15. But there was never any contract or arrangement of any description between appellant and appellee, or any prior owners of mill race, that such owners should participate in the repair or construction of such bridge, or any agreement of any kind concerning the same as mentioned in said order. The company wrote appellee requesting a copy of any contract or agreement between the company or its predecessors which had to do with the upkeep or repair of the bridge. Receiving no answer, it wrote a second letter with a like request, which was answered by the auditor to the effect that no such agreement could be found. The company had no knowledge that there was no contract or agreement between it or its predecessors and appellee until the receipt of the letter from the auditor, at which time it had completed the bridge. The material and labor were furnished at the special instance and request of, and by such written order and direction of appellee, and appellee had received the full value of the service, and was at the time using the bridge but refused to pay for the same though requested so to do. It is further averred that appellee knew that the company was so constructing the bridge under the

order above set out, and made no objection to the work as done. A demurrer was sustained to this paragraph of complaint, and successively to four other paragraphs thereafter filed averring substantially the same facts, except that the fifth paragraph embraced the element of fraudulent representation by the board of commissioners. The company refused to plead further, but elected to stand upon the respective paragraphs of complaint, and judgment was rendered against it, from which this appeal. The only error assigned is the action of the court in sustaining the respective demurrers to each of the five paragraphs of complaint.

It is to be observed that the action in the trial court was prosecuted to final judgment in the name of American Paper Products Company, while the appeal to this court is by the receivers of such company. We find no record or averments, however, of the appointment of such receivers and nothing that indicates the authority by which they appeal to this court.

Appellee also calls attention to the fact that, though appellants are relying for reversible error upon the court's ruling in sustaining the respective demurrers to each of the paragraphs of complaint, they have wholly failed to set out the demurrers or the substance thereof in their brief. Such failure to comply with the rules of the court constitutes a waiver of the error assigned. But, appellants have set out the memoranda to the demurrers which indicate that they were for want of facts. However, if we ignore these defects in the record and the brief, we do not see how appellants can prevail in their appeal.

It seems that appellants rely upon §7 of ch. 39 of the act of the special session of the legislature, 1920, for their right of recovery. This section provides that it shall be the duty of boards of commissioners, highway superintendents, and

trustees to keep in repair, in passable condition, all high-, ways, bridges and culverts over which they respectively have control, along or on which United States Rural free delivery mail routes have been or may hereafter be established or maintained, giving preference to highways over which such rural mail routes pass, it being made their duty to keep such highways free from obstructions, including snow drifts, and in condition to be safe and readily passable to ordinary travel. Such section makes it the duty of such respective officers upon receiving notice of defective or impassable condition of highways, bridges or culverts used by mail routes to repair the same at once or cause them to be repaired. The county commissioners are authorized to make such repairs when necessary regardless of the fact that there is no appropriation therefor, and to pay the same out of the county treasury. There is a penalty for violation of the section. That such section was not intended to include the construction of a new bridge at an expense of $1,850 to the county, during which time it was necessary to build a detour around the place of constructing the new bridge, as here, is evident from the fact that those in charge were required to repair or cause to be repaired the highway or bridge within five days from the time of their notice of the necessity of such repair, and failing to make such repair within five days, such defaulting person is made guilty of a misdemeanor, and subject to a fine of $2 for each day he fails to complete the repair after notice of such necessity. If a new bridge costing $1,850 is within the compass of this statute, then a new bridge costing many thousands of dollars may be constructed under its provisions, and thereby the statute commonly known as "the County Reform Act" would be done away with, and boards of county commissioners, township trustees or county superintendents could, without advertising for bids and

without limitation upon their expenditure of the funds of the township or county, build highways, bridges and culverts. It is not averred in any paragraph of the complaint that the county surveyor furnished the company with any plans and specifications, and it affirmatively appears in the second paragraph of complaint that he did not furnish such plans and specifications, and the company went forward with the construction of the bridge without plans or specifications, and without there having been any advertisement for bids, or any bids received or contract entered into. By §§6109, 6110 Burns 1926, §§5893 and 5954 Burns 1914, the board of county commissioners is expressly prohibited by law from letting any contracts for or engaging in the construction or reconstruction or material alteration of, any bridge except where plans and specifications have been prepared and adopted and bids advertised for and contract let as required by law. We do not understand that §7, *supra,* abrogates or repeals the provisions of this section. The question is not, Did the company perform a work from which the county is receiving benefits, but did it perform that work pursuant to any contract that appellee had a right to make? The answer to this question must be in the negative, and hence there can be no recovery. *Ness* v. *Board, etc.* (1912), 178 Ind. 221, 98 N. E. 33, 1002. It was the company's duty to know whether it was performing work for the board of commissioners, appellee, under a statute that would authorize it to pay therefor, and failing to learn its rights, it cannot now be heard to complain that the county was benefited by such work. Nor can it be heard to complain, as in its fifth paragraph of complaint, that appellee made fraudulent representations. Boards of county commissioners are creatures of the statute, and as such, in order to bind the county, must

act within their statutory authority, and such boards are not authorized by statute to make fraudulent representations.

The judgment is affirmed.