GADDIS *v.* BARTON SCHOOL TOWNSHIP OF GIBSON COUNTY, INDIANA.

[No. 13,085. Filed January 11, 1929. Rehearing denied May 18, 1929.]

*T. Morton McDonald,* for appellant.

*Charles O. Baltzell,* for appellee.

REMY, J.—Action by appellant against appellee to recover for services rendered by appellant as architect in the preparation of plans and specifications for construction of a schoolhouse. Complaint in four para-

graphs. First and second are based upon a written contract, third on an oral contract, and the fourth upon a *quantum meruit*. Answer to the complaint was in three paragraphs, the first being a denial. By the second paragraph, it was pleaded that appellant agreed to prepare plans to the approval of the State Board of Accounts and the State Board of Tax Commissioners; that the plans prepared, and for which appellant seeks recovery, called for the expenditure of money greatly in excess of the funds of the township available for the contemplated improvement, and, for that reason, were not approved by the two state boards. The defense pleaded by the third paragraph was that no appropriation had been made by the township advisory board, and the trustee had not been authorized to borrow the money to pay the indebtedness. A reply in denial closed the issues.

On the trial, the court, upon request, found the facts specially and stated its conclusions of law thereon in favor of the township; judgment accordingly.

That the court erred in its conclusions of law is the only error assigned and presented.

The facts specially found are, in substance, that at all times herein involved Charles Wheaton was the trustee of appellee school township; that at a meeting of the township advisory board, September 27, 1921, "it was represented to the advisory board that an emergency existed" for the erection of a township high school building, and, on that day, the trustee was ordered to have plans and specifications for such building ready for submission to the advisory board at a meeting to be held October 22, 1921; that, in compliance with the order, the trustee invited architects, including appellant, to submit plans and specifications for the proposed building; that appellant submitted plans and specifications, which, at a meeting of the advisory board held October 24, 1921, were by the board adopted; that, October 31,

1921, the trustee entered into a written contract with appellant by the terms of which he was to furnish the plans and specifications, for which he was to receive a sum equal to four per cent of the cost of the building, which contract contained the provision that the "plans and specifications when completed must receive the approval of the State Board of Health, State Board of Accounts and such other officers whose duty it is to approve of plans for township school buildings"; also that if, "for any cause, the trustee should find it impossible to proceed with the construction of the building," the appellant would have no claim against the township; that the advisory board did not authorize the trustee to execute the contract, nor did it appropriate funds for the payment of the services contemplated thereby; that the trustee received bids based upon the plans and specifications furnished by appellant, let the contract for the construction of the building at the price of $49,834, and was directed by the advisory board to enter into a contract with the successful bidder; June 21, 1922, an emergency was declared by resolution of the board for the construction of the building, and the trustee authorized to issue bonds of the township in the sum of $40,000 for the purpose of paying for the building; that the total value of the taxable property of the township at the time was $2,144,905, and the indebtedness $600; that the bonds were not issued, and the construction of the building abandoned, and "it became and was impossible for the township to proceed with the work of constructing the building in accordance with the plans because of the cost thereof, and because of the limitation on its right to issue bonds."

It is apparent from the record that the trial court's conclusion that there could be no recovery for appellant's services as architect, was based primarily upon the finding that the advisory board had not authorized the

trustee to execute the contract for architect's fees, and had made no appropriation therefor. It is contended by appellant that the school trustee could contract for the services of an architect to prepare plans and specifications for a schoolhouse without authority from the advisory board, and that an appropriation by that board was unnecessary. In support of this contention, appellant points out that §9 of the Township Reform Act (Acts 1899 p. 150, §12071 Burns 1926) provides, among other things, that: "If a trustee finds it necessary to erect a new schoolhouse, he shall procure suitable specifications therefor." From this, it is claimed by appellant that the power of the trustee to furnish plans and specifications is implied, and is of such a nature that it can be exercised without the concurrence of the advisory board. We do not so understand the law.

This court judicially knows that the annual meeting of the advisory board is held on the first Tuesday in September. §1, Township Reform Act (Acts 1899 p. 150, §12062 Burns 1926). As found by the court, the need of the new school building was not brought to the attention of the advisory board until September 27, 1921, and that all proceedings in reference thereto were at special meetings of the board. It follows that the proceedings of the advisory board for the erection of the building to which appellant's claim for services as architect is incident are proceedings to provide for the emergency, if an emergency is found to exist, and are governed by §§6, 9 and 11 of Township Reform Act (Acts 1899 p. 150, §§12068, 12071 and 12075 Burns 1926). Section 6, which defines the powers and duties of the trustee and advisory board of a school township when an emergency exists for a new school building or other expenditures not provided for in existing estimates and levy, contains the special provision, that: "In no event shall a debt of the township be created except by

the advisory board of such township, and in the manner herein specified," and §11 provides that: "All contracts made in violation of this act shall be null and void." In the case at bar, the trial court specially found that the advisory board did not authorize the trustee to contract with appellant to pay for services rendered by him as architect; nor is there any finding that the advisory board authorized the trustee to employ appellant. The failure of the court so to find is equivalent to a finding that the board did not so authorize the trustee. Furthermore, there was no appropriation for the payment of the services. Clearly, the alleged debt which is made the basis of appellant's action was not "created" by the advisory board, and is not a valid debt against the township. See *Union School Tp.* v. *Moon* (1928), 161 N. E. (Ind. App.) 714; *State, ex rel.,* v. *Parish* (1913), 180 Ind. 63, 99 N. E. 977, and cases there cited.

In the face of the statute above cited, which provides that no debt of the township can be created except by the advisory board, and in the manner prescribed by the statute, there can be no recovery against the township on a *quantum meruit.* If so, a township trustee, by ignoring the statute, could bring about its nullification. See *McNay* v. *Town of Lowell* (1907), 41 Ind. App. 627, 84 N. E. 778; *Wrought Iron Bridge Co.* v. *Board, etc.* (1897), 19 Ind. App. 672, 48 N. E. 1050.

Trial court did not err in its conclusions of law.

Affirmed.