Pursuant to ch. 115, Acts 1919 p. 562, a board of trustees was appointed to establish, maintain, manage and control a war memorial as contemplated by said act. The board of commissioners, for the purpose of raising money to pay for the establishment of the memorial, issued bonds to the extent of $25,000. The board of trustees contemplated by the act did all the things enumerated therein to be done on their part, one of which was the employment of the appellant as architect. The appellant prepared plans and specifications, which, after some changes, were accepted and approved as contemplated in said act. For some reason not apparent, the building was never erected. The appellant brought this suit to recover for his services.
A second amended complaint in three paragraphs was demurred to by appellee. These demurrers were sustained. Appellant refused to plead further, and the court adjudged that appellant take nothing by his complaint.
This is a vacation appeal, and the appellant assigns *Page 660 
as error the sustaining of the demurrers. All demurrers questioned the absence from each paragraph of the complaint of an allegation that § 25 of the County Reform Act of 1899 (§ 5886 Burns 1926) was complied with. The statute is as follows: "No board of county commissioners, officer, agent or employee of any county shall have power to bind the county by any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of the obligation attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort beyond such existing appropriation are declared to be absolutely void." There is no allegation of an appropriation in either paragraph of complaint.
Appellant's contention is that the war memorial law of 1919 is a special statute governing the whole subject and its provisions control and are not to be subordinated to any prior statute. It provides its own exclusive procedure which, in many instances, is in conflict with the provisions of the county reform law. Such conflict cannot be harmonized so as to bring the war memorial law within the provisions of the county reform law. Appellant's counsel calls to the court's attention the mandatory nature of the county memorial law, to the frequent use of the word "shall" in § 7; in the first sentence in § 8; in § 9 and thus all of the way throughout the entire act. It is ridiculous to say that in enacting the county memorial law the Legislature intended that the county council should authorize any bond issue and at the same time enact § 10 of the county memorial law with its restrictive provisions upon the board of commissioners. The Legislature in creating the county council did not and could not put the county council beyond the power of subsequent legislation and the Legislature has the ample power and has exercised that power by the enactment *Page 661 
of special legislation excepting certain subjects from its control and limiting it as to other subjects, citing as authority the following cases: Rexford, Rec., v. Board, etc. (1926),85 Ind. App. 281, 151 N.E. 830; State, ex rel., v. Meeker
(1914), 182 Ind. 240, 105 N.E. 906; Comer v. State, ex rel.
(1916), 184 Ind. 217, 110 N.E. 984.
The appellee contends that § 5862, to and including § 5912 Burns 1926, known as "the County Reform Act," must be construed with § 13638, to and including § 13658 Burns 1926, which is the act of 1919, touching world war memorials, must be construed together; that no single statute should be interpreted solely by its own words; that upon enactment, it becomes a part of and is to be read in connection with the whole body of the law; that every statute which is properly the subject of judicial construction should receive such a construction as will not conflict with general principles and will make it harmonize with the pre-existing body of law; that there is a presumption that the Legislature in the enactment of statutes does not intend to overturn long-established principles of law, unless such intention is made clearly to appear, either by express declaration or by necessary implication; that it is a fundamental rule of statutory construction that not only should the intention of the lawmakers be deduced from a view of the whole statute and all its material parts, but, that statutes on the same subject-matter should be construed in pari materia. This means that, for the purpose of learning and giving effect to the legislative intention, statutes relating to the same subject are to be compared, even though some of them have expired or have been repealed, and, so far as still in force, be construed in reference to each other, that effect may be given to all of the provisions of each, if that can be done by any fair and reasonable construction; that the object of the rule is *Page 662 
to ascertain and carry into effect the intention of the Legislature and it proceeds upon the supposition that the several statutes relating to one subject were governed by one spirit and policy, and were intended to be consistent and harmonious in their several parts and provisions, and cites the following cases: 25 R.C.L. §§ 277, 285; Elliott v. Brazil Block CoalCo. (1900), 25 Ind. App. 592, 58 N.E. 736; Lincoln School Tp.
v. American School Furniture Co. (1903), 31 Ind. App. 405, 68 N.E. 301; Conn v. Board, etc. (1898), 151 Ind. 517, 51 N.E. 1062; Ensley v. State, ex rel. (1909), 172 Ind. 198, 88 N.E. 62; Snyder v. Thieme, etc., Brewing Co. (1910), 173 Ind. 659, 90 N.E. 314, Ann. Cas. 1912 A774; Hyland v. Rochelle (1913),179 Ind. 671, 100 N.E. 842; Bradley v. Thixton (1889),117 Ind. 255, 19 N.E. 335; Wilson v. Donaldson (1889),117 Ind. 356, 20 N.E. 250, 3 L.R.A. 266, 10 Am. St. 48; Johnson v. Cityof Indianapolis (1910), 174 Ind. 691, 93 N.E. 17; Hanly v.Simms (1910), 175 Ind. 345, 93 N.E. 228, 94 N.E. 401.
The contention of appellee seems to be the better reasoning. The County Reform Law is so clear, convincing and persuasive that it requires a fertile intellect, full of resourcefulness and tact, to emasculate it and find any act free from its influence, except where the Legislature has expressly provided that it shall not prevail. An example of the exception is the County Memorial Act of 1921, Acts 1921 p. 707, which expressly eliminates action by the county council as contemplated in the County Reform Act.
The County Reform Act and the memorial law must be construed together. Statutes must be construed as forming part of one great and uniform system of jurisprudence. If construction 1, 2. proceeded on any other principle, the laws of the state would consist of disjointed and inharmonious parts and conflict and *Page 663 
confusion would be the result. The light needed for the just interpretation of a statute is not supplied by the statute itself, but comes from the principles declared by the courts.State v. Boswell (1886), 104 Ind. 541, 4 N.E. 675; Minnich
v. Packard (1908), 42 Ind. App. 371, 85 N.E. 787; State v.Smith (1877), 59 Ind. 179.
The County Reform Act itself, in § 29 (§ 5890 Burns 1926), explains the intent of the Legislature in no uncertain terms. It says: "The intent of this act is to place limits and checks upon payments out of such treasury, and not to extend or increase them." This court, in Lund v. Board, etc. (1910),47 Ind. App. 175, 93 N.E. 179, gives us this thought on intent: "In order to stop abuses of public trust and extravagance in the expenditure of public money, which had grown up all over the state, the Legislature of 1899 passed what is known as the county reform law, . . . This statute . . . was enacted for the welfare of the general public, and the restrictions and safeguards which it throws around the public treasury are no hardship to persons contracting and dealing with a public officer, for it defines the duties of the officers, and not only specifically defines their several duties and limits their official capacity and power, but denies to them in express and positive terms the right to exercise powers beyond those given them by statute. So that when men deal with public officers, ignorance of the law governing their powers does not excuse them, and if they deal with such officers unadvisedly or recklessly they do so at their peril."
The County Reform Act has not been expressly repealed. We must determine whether or not it has been repealed by necessary implication of any portion of the 1919 memorial act. 3, 4. Repeal by implication is not favored, so the latter act must be carefully scrutinized. There must be a positive repugnancy between the old and the new laws. If there is such, the old *Page 664 
is repealed to the extent of the repugnancy only. Wood v.United States (1842), 16 Peters (U.S.) 341, 10 L.Ed. 987. The County Reform Act is a perpetual statute, and "the rule is that a perpetual statute (which all statutes are unless limited to a particular time) until repealed by an act professing to repeal it, or by a clause or section of another act directly bearing in terms upon the particular matter of the first act, notwithstanding an implication to the contrary may be raised by a general law which embraces the subject-matter, is considered still to be the law in force as to the particulars of the subject-matter legislated upon." United States v. Gear
(1845), 3 Howard (U.S.) 120, 11 L.Ed. 523.
Where the Assembly has expressly legislated in respect to a given matter, that express legislation must control, in the absence of subsequent legislation equally express, and is 5. not overthrown by any mere inferences or implications to be found in such subsequent legislation. That is the exact language of the United States Supreme Court in Rosencrans v.United States (1897), 165 U.S. 257, 17 Sup. Ct. 302, 41 L.Ed. 708, as applied to legislative bodies such as our own.
From a careful comparison of the two acts in light of the above discussion, our decision must be that the County Reform Act 6. governs the situation here presented.
This court and our Supreme Court have consistently inclined to the view that it is necessary to aver that an appropriation had been made by the county council. Lund v. Board, etc., supra; Board, etc., v. Fulkerson (1920), 7. 73 Ind. App. 325, 127 N.E. 558; Board, etc., v. Mowbray
(1903), 160 Ind. 10, 66 N.E. 46; State, ex rel., v.Parks (1907), 169 Ind. 93, 81 N.E. 76; State, ex rel., v.Board, etc. (1905), 165 Ind. 262, 74 N.E. 1091, 6 Ann. Cas. *Page 665 
468; Turner v. Board, etc. (1902), 158 Ind. 166, 63 N.E. 210;Gish v. Board, etc. (1903), 31 Ind. App. 485, 68 N.E. 318;Talbott v. Board, etc. (1908), 42 Ind. App. 198, 85 N.E. 376;Board, etc., v. Babcock (1904), 33 Ind. App. 349, 71 N.E. 518; State, ex rel., v. Goldthait (1909), 172 Ind. 210, 87 N.E. 133, 19 Ann. Cas. 737; Ness v. Board, etc. (1912),178 Ind. 221, 98 N.E. 33; Board, etc., v. Moore (1929), ante
180, 166 N.E. 779; Swartz v. Board, etc. (1902),158 Ind. 141, 63 N.E. 31; First Nat. Bank v. VanBuren School Tp.
(1911), 47 Ind. App. 79, 93 N.E. 863; Gaddis v. Barton SchoolTp. (1929), 89 Ind. App. 369, 164 N.E. 499.
The death of the appellant having been suggested, the judgment of the Warrick Circuit Court is affirmed as of the date of submission.